YARR.UT, Judge.
This is an appeal from the judgment of the District Court maintaining Defendants’ exceptions of no right or cause of action, and dismissing Plaintiffs’ suit.
This is a class action filed by John Frie-del, Jr., on behalf of himself, his minor child, and his neighbors, similarly situated, alleging they suffered damage from the failure of the City of New Orleans and The Sewerage & Water Board to protect them from flooding which could have been avoided had certain action been permitted by the City and the Water Board.
Plaintiffs’ petition alleges that, on the evening of September 9, 1965, and the morning of September 10, 1965, a hurricane, designated “Hurricane Betsy” by the United States Weather Bureau, struck the New Orleans area and caused extensive flooding and inflicted catastrophic property damage and loss of human lives in some sections. The wind-driven hurricane tides and surges inundated an undeveloped and unimproved area of land south of the Chef Menteur Highway and directly across the elevated highway from Dona Villa Subdivision, where Plaintiffs reside.
Although other sections of New Orleans were flooded in the early morning of September 10, 1965, fortunately for Plaintiffs and other residents of Dona Villa Subdivision, no flooding of their homes had then occurred.
After daylight on the morning of September 10, 1965, Plaintiffs observed that the Chef Menteur Highway embankment was effectively serving the purpose of a protective levee preventing the waters contained in the undeveloped and unimproved area to the south of the Chef Menteur Highway from flowing into Dona Villa.
Plaintiffs also observed that water was pouring from the undeveloped and unimproved area to the south of Chef Menteur Highway into Dona Villa, through the two large culverts under the highway pavement, and through the embankment located at Hickerson Drive and the Dona Villa Shopping Center.
Plaintiffs contend that, as they observed these conditions, it was obvious that their homes would soon be flooded unless the flow of water through these culverts was stopped.
Plaintiffs contend the blocking of these culverts and stopping of the flow of water would not cause any damage to any property in the area to the south of Chef Menteur Highway, or the highway embankment, but that the continued flow of water through these culverts would cause deep flooding and extensive damage throughout Dona Villa.
To prevent the certain flooding of, and damage to, their homes and property; and for the necessary protection of the lives, health and safety of themselves and their families, and without endangering, damaging or injuring any other persons and their property in any way whatsoever, Plaintiffs, being unable to obtain any decision or assistance from any official or employee of either the City or the Water Board, in desperation attempted to block with wood planks the entrances to the two culverts about 7 o’clock on the morning of September 10, 1965.
From time to time during this critical period, Plaintiffs tried to install their handmade barricades over the entrances to the two culverts, but officers of the New Orleans Police Department told Flaintif fs they could not block the culverts to stop the flow of water because they had received official orders from City Councilman Daniel L. Kelly, and other officials of Defendants, to prevent all persons, including Plaintiffs, from doing anything that would prevent the water in the ponded area (which is unimproved and undeveloped) from flowing through the culverts into Dona Villa.
Plaintiffs summarize their cause of action in Article 30 of their petition as:
1. The refusal of the Defendants to permit Plaintiffs to barricade the two culverts *236 and thereby stop the flow of water into and the flooding of Dona Villa.
2. Refusing to authorize, direct, or allow other officials and employees of Defendant City, or Defendant Water Board, to control and stop the flow of water into and the flooding of Dona Villa.
3. Disregarding the impartial advice and recommendation of engineers and flood ■control experts of the Orleans Levee Board and the drainage experts of the Defendant Sewerage & Water Board that the culverts could and should be closed to stop the flow of water into and the flooding of Dona Villa, without further damage, injury or other detriment to lives, health, safety and property of others.
The exception of no cause of action against the City was properly maintained because the City has no responsibility for the creation, maintenance and operation of a sewerage and water system in New Orleans except to pay the cost thereof. The creation, maintenance and operation of such system is otherwise invested solely in the Water Board. LSA-R.S. 33:4071.
There is no allegation that the City or any of its authorized agents actively interfered one way or another in the flooding of Dona Villa; hence, the City’s exceptions were properly maintained.
The case of Hamilton v. City of Shreveport, La.App., 180 So.2d 30, cited by Defendants, is not apposite here, because the City there actually had changed the water level by erecting a dam which ultimately caused the overflow damage.
With reference to the liability of the Water Board, its immunity in a case like this is defined in LSA-R.S. 29:613-29:614, viz:
“A. Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents, employees, or representatives of any of them, engaged in any civil defense activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity, * * * LSA-R.S.- 29:613
“(1) ‘Civil defense* shall mean the preparation for and the carrying out of all emergency functions other than functions for which military forces are primarily responsible, to minimize and repair injury and damage resulting from disasters caused by enemy attacks, sabotage or other hostile action, or by fire, flood, earthquake, or other natural causes. * * * ” LSA-R.S. 29:614
The cases of Rector v. Hartford Accident & Indemnity Co. of Hartford, Conn., La.App., 120 So.2d 511, and Southern Air Transport v. Gulf Airways, 215 La. 366, 40 So.2d 787, did not involve any governmental agency, such as we have here with the Sewerage & Water Board.
The judgment of the District Court maintaining the exceptions of no right or- cause of action, with reference to both Defendants, is correct and is affirmed; Plaintiffs to pay all costs of appeal.
Judgment affirmed.