SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit against two defendants, the City of New Orleans and the Sewerage & Water Board of New Orleans, seeking property damages and damages for personal injuries allegedly resulting from flooding in Pines Village Subdivision in New Orleans where their home is located. After an exception of vagueness had been maintained and they had been allowed to amend, plaintiffs filed a supplemental petition. The City of New Orleans filed an exception of no cause of action to both petitions. Following a hearing, there was judgment maintaining the exception of no cause of action and dismissing plaintiffs’ suit against the City of New Orleans. Plaintiffs have appealed therefrom.
The original petition alleges that for several years every time there has been a heavy rain in the block in which plaintiffs’ home is located the street has become flooded and the water has risen to the lawn, then to the front stoop and finally into the house, inundating the floors, and that the failure of the rain water to properly drain off “ * * * is due to existing drainage which was defectively installed by the defendants * * * ”, which drainage is improper and inadequate and has been so for several years to the knowledge of the defendants.
Insofar as the exception under consideration is concerned, the supplemental petition further alleges: For many years the City of New Orleans has known the drainage needs of the area have far exceeded the drainage facilities; but despite this knowledge the city has nevertheless continued to authorize and approve new and additional subdivisions of the area of Pines Village, thus “ * * * placing the plaintiffs in even greater peril than that in which they were.”
Thus, only two causes of action are alleged against the city: (1) defectively installed, improper and inadequate drainage known to both defendants for several years; and (2) authorization and approval by the city of additional subdivisions in the area.
The first, that for several years the city knew the drainage was defective, improper and inadequate, does not state a cause of action against the city. The Sewerage & Water Board of New Orleans is an unattached board having the attributes of a corporation and capable of suing and being sued. Home Rule Charter of the City of New Orleans, Article V, Chapter 3, § 5-301-302; State ex rel. Saunders v. Kohnke, 109 La. 838, 33 So. 793; Warfield v. Fink and McDaniel Plumbing and Heating, La.App., 203 So.2d 827; Keller Construction Corp. v. George W. McCoy & Co., La.App., 138 So.2d 128. That board is the sole agency charged with the construction, control, maintenance and operation of the drainage system of the City of New Orleans; and as the city has no control over drainage, it cannot be held liable for damages caused by drainage which, because of alleged defective installation (necessarily by the Sewerage & Water Board), is improper and inadequate. LSA-R.S. 33:4071; Friedel v. City of New Orleans, La.App., 192 So.2d 234.
Nor does the allegation that the city authorized and approved additional subdivisions in the Pines Village area despite its knowledge of insufficient drainage facilities state a cause of action against the city. We do not take the position that the city cannot be held liable for improper drainage under any and all circumstances, although in the instant case this would seem likely as a result of the sole responsibility for drainage being charged to the Sewerage & Water Board. However, particularly in view of the fact that the flooding complained of had occurred prior to, as well as after, the authorization and approval of additional subdivisions, we do *727 hold that plaintiffs’ amended petition alleging only that such authorization and approval had the effect of “ * * * placing the plaintiffs in even greater peril than that in which they were.” could not result in an award against the city of compensatory monetary damages, the only relief plaintiffs seek. Such an award could be made only in the event that fault on the part of the city was a proximate cause of damages actually sustained. And, although given an opportunity to amend, plaintiffs do not allege that the authorization and approval of additional subdivisions in any way caused or contributed to the damages they allegedly have suffered.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.