560 So.2d 558 (1990)
STAFFORD CONSTRUCTION CO.
v.
TERREBONNE PARISH SCHOOL BOARD, et al.
No. 89 CA 2043.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
*559 Collins C. Rossi and J. Donald Cascio, Denham Springs, for plaintiff and appellant, Stafford Const. Co. Inc.
Craig L. Kaster, Baton Rouge, for Acadian Bldgs.
David W. Arceneaux, Houma, for defendant and appellee, Terrebonne Parish School Bd.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
This is an action by Stafford Construction Company, Inc. requesting a preliminary injunction against the Terrebonne Parish School Board and Acadian Builders of Gonzales, Inc. (Acadian). Stafford seeks to enjoin any further implementation of, or performance under, including payment on, a certain public contract entered into between the School Board and Acadian. Stafford also seeks to nullify a bid by Acadian on the public project and to nullify the School Board's subsequent award of that project to Acadian. In addition, Stafford seeks a permanent injunction against Acadian from continuing work on the public project and requests a mandamus ordering the School Board to award the contract to Stafford.
The trial court held a hearing on the preliminary injunction and denied Stafford's requested relief. Stafford has appealed that judgment. Therefore, the sole question before us is whether the trial court erred in denying the preliminary injunction.

FACTS
The Terrebonne Parish School Board advertised for bids to perform renovations and additions to two area schools. Three bids were submitted. Acadian's bid was the lowest followed by Stafford's bid. The contract was awarded to Acadian despite the fact that Acadian's bid package did not include a corporate resolution authorizing the signing of the proposal or bid.
The resolution was required by the School Board, as an attachment to the bid form, if the bidder was a corporation.

LAW
On appeal, appellant, Stafford, relies primarily on language contained in LSA-R.S. 38:2212 and LSA-R.S. 38:2220 in contending that Acadian's bid was null and void because of Acadian's failure to attach a corporate resolution. Stafford argues that as a result of this failure Acadian should not have been awarded the contract. LSA-R.S. 38:2212 states in pertinent part:
A. (1)(a) All public work exceeding the contract limit as defined herein, including labor, and materials, and all purchases of materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. However, purchases of five thousand dollars or more, but less than ten thousand dollars shall be made by obtaining not less than three telephone or facsimile quotations. A written confirmation of the accepted offer shall be obtained and made a part of the purchase file. If quotations lower than the accepted quotation are received, the reasons for their rejection shall be recorded in the purchase file.
(b) The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as *560 informalities and shall not be waived by any public entity.
* * * * * *
(d) The term `contract limit' as used herein shall be equal to the sum of thirty thousand dollars per project, except in the Department of Public Safety and Corrections which may use inmates as labor in connection with projects which occur on the grounds or to the buildings, structures, or facilities located on the grounds of prisons or correctional institutions, the limit shall be fifty thousand dollars per project, for the calendar year 1982 and for each succeeding calendar year, shall be increased by a factor equal to three percent per year for each of the next ten calendar years.
LSA-R.S. 38:2220 states in pertinent part:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
The bids exceeded the contract limit of LSA-R.S. 38:2212 and therefore, the instant public contract falls under the purview of these statutes.
Acadian and the School Board rely on Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1st Cir.), writ denied, 493 So.2d 1206 (La.1986) as justifying their position that the lack of a corporate resolution was an error of form rather than one of substance.
Pittman, as it relates to the instant case, held that a contractor's lump sum price written in numerals, where the proposal provided for the price written in words, was an error of form rather than substance. Pittman, 493 So.2d at 181. The Pittman court then distinguished between errors of form which do not require a bid's rejection under the Public Bid laws and errors of substance, which do require a bid's rejection. Therefore, according to the appellees, under the holding of Pittman, the public entity would not have the right to reject the bid based on Acadian's error of form.
While securing the best works for the best price for a public entity is an admirable goal, that goal cannot be achieved by ignoring the public bid laws. The School Board is vested with the discretion to determine the lowest responsible bidder, but that discretion must be exercised in a fair and legal manner and not arbitrarily. LSA-R.S. 38:2212. Budd Const. Co., Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3d Cir.), writ denied, 404 So.2d 1262 (La.1981).
We hold Acadian's bid form was clearly lacking a necessary and substantial part, the corporate resolution. The Public Bid laws were designed to ensure fair competition among bidders and to maintain the integrity of the bidding process and not make it subject to manipulation and trickery. The requirement that a corporate resolution be attached to the bid form is necessary because it validates the authority of the corporation to submit a bid on a particular project.
Without the submission of a corporate resolution as required, a corporation could either take advantage of the lack of the resolution to claim the bid was submitted erroneously or submit the resolution at a later time to complete the bid package. These alternatives available to the corporation would allow it an unfair advantage over other non-corporate bidders. In the first scenario, the corporation may attempt to withdraw its bid and have its bid security returned to it under LSA-R.S. 38:2214(A)(3) if it determines the bid is to low for the corporation to profit on the project. This is true because LSA-R.S. 38:2214(A)(3) allows for the withdrawal of a bid and return of bid security if the bid contains a patently obvious clerical error. On the other hand, if the corporation is allowed to submit a corporate resolution after the bids are opened, it could do so once it determines that its margin of profit is sufficient.
Although in this specific instance, the corporation consisted of one director/officer, leaving little room for deception, we must still find the bid form was missing a substantial element, rendering it fatally defective.
*561 The public bid laws simply do not allow for an exception to be made in the case of a substantial error in bidding, otherwise the determination of bid validity would become arbitrary, which is what the public bid laws attempt to prevent.
As Acadian's bid package varied substantially from that required, we hold the trial court was clearly wrong in reasoning that the lack of a corporate resolution was a "minor, insignificant formality."
The trial court denied the plaintiff's requested preliminary injunction based on this clearly erroneous interpretation of the law. Since we hold the trial court decision is in error plaintiff/appellant is entitled to some relief. However, nothing in the record before us apprises us of the current status of the work under the contract. Because the record is devoid as to the status, progress or percentage of completion of the contract, we are unable to determine whether to reverse the trial court and grant a preliminary injunction or to grant such other relief as the law provides. Therefore, we remand the case for further proceedings consistent with this opinion. Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983).
All costs of this appeal are to be borne by appellees, Acadian Builders of Gonzales, Inc. and the Terrebonne Parish School Board.
REMANDED.