798 So.2d 1167 (2001)
WALLACE C. DRENNAN, INC.,
v.
SEWERAGE & WATER BOARD OF NEW ORLEANS.
No. 2000-CA-1146.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 2001.
*1170 John I. Hulse IV, Hulse & Wanek, New Orleans, LA, Counsel for Plaintiff/Appellant.
Roy J. Rodney, Jr., Richard B. Ehret, Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, and Judge MICHAEL E. KIRBY.
WILLIAM H. BYRNES, III, Chief Judge.
The plaintiff, Wallace C. Drennan, Inc. ("Drennan") appeals a judgment denying injunctive relief to prevent the award of a contract to another bidder and denying Drennan's writ of mandamus to compel the Sewerage and Water Board of New Orleans ("S & WB") to award the contract to Drennan. We reverse.
On March 16, 1998, the S & WB publicly advertised for bids to perform electrical duct bank work, Contract No. 6216, and on April 15, 1998, bids were opened. Drennan, the third numerically low bidder, contested the award to Robinson Electrical Company, Inc. ("Robinson") and John J. Hazard Drayage & Construction Company ("Hazard") in two letters dated April 17, 1998 and April 21, 1998. The General Counsel and Special Counsel for the S & WB issued two memoranda dated May 5, 1998, to the S & WB.
The first memorandum agreed that Robinson's bid bond was made payable to the "City of New Orleans" in error instead of "The Sewerage and Water Board of New Orleans," and this was in violation of the mandatory requirements of the bid specifications. The memorandum found that violation was not an informality and could not be waived. Robinson's bid was non-responsive.
The second memorandum agreed that the Disadvantaged Business Enterprise ("DBE") specifications required the use of certified DBE's from the approved list, that Robinson did not use certified DBE's, and that the bid was unresponsive. The second memorandum also found that Robinson failed to meet the certified DBE requirement to submit an affidavit describing good faith efforts to meet the DBE goal.
Further, the second memorandum held that Drennan's bid was non-responsive because it did not submit documentary evidence with its bid in addition to the "goodfaith" affidavit.
In May 1998, the S & WB voted to waive the mandatory bid requirements as "informalities", to allow a post-bid amendment of the bid bond and the DBE program forms, and to award the contract to Robinson.
Drennan filed suit, seeking injunctive relief under La. R.S. 38:2220B, to prevent award of the contract in violation of the Public Bid Law, and mandamus to seek to compel the S & WB to award the contract to Drennan as the lowest responsible bidder who bid according to the specifications. Robinson intervened, and the S & WB filed exceptions, as well as a motion for summary judgment. After a hearing on May 29, 1998, the trial court rendered its June 17, 1998 judgment, granting the S & WB's peremptory exceptions of no cause and/or right of action, and dismissing Drennan's petition for preliminary injunction *1171 and mandamus with prejudice. Drennan's first appeal followed.
On September 22, 1999, this Court reversed the judgment of the trial court, finding that Drennan's petition stated a cause of action, alleging a violation of the Public Bid Law by the S & WB; and that Drennan had a right of action as an interested party in the litigation. Drennan v. Sewerage and Water Board, 98-2423 (La. App. 4 Cir. 9/22/99), 753 So.2d 861. This Court found that: "if [Drennan] proved that the other two lower bids should have been rejected, and that [Drennan's] bid was in compliance with the bid specifications, then [Drennan] is the lowest responsible bidder to which the job should have been awarded." Id., 753 So.2d at 866. This case was remanded to the trial court.
After a hearing on December 9, 1999, the trial court rendered its judgment on December 17, 1999, finding that Drennan failed to satisfy its burden of proof. The trial court dismissed Drennan's petition for preliminary injunction and writ of mandamus with prejudice, and Drennan appealed.
In the present appeal, Drennan contends that the Robinson bid contained three violations of the mandatory requirements of the advertised bid specifications. Drennan maintains that the trial court erred in: (1) failing to require the S & WB to perform the ministerial duty of rejecting the Robinson bid pursuant to the Public Bid Law, La. R.S. 38:2212A(1)(b); (2) permitting the S & WB to waive as informalities violations of the mandatory provisions of the Public Bid Law; and (3) failing to award the contract under the Public Law to Drennan as the lowest, responsible bidder.

Standard of Review
The denial or dissolution of a preliminary injunction should not be overturned on appeal absent a clear abuse of the trial court's great discretion. HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1693 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, writ denied, 700 So.2d 513. The reviewing court should not substitute its judgment for the good faith judgment of an administrative agency's reasonable award of public works contracts. J.W. Rombach v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305. The appellate court will grant a writ of mandamus only when there is usurpation of judicial power or clear abuse of discretion. Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216 (C.A.5 (La.) 1998), certiorari denied 525 U.S. 1055, 119 S.Ct. 620, 142 L.Ed.2d 559 (1998).
The Public Bid Law is intended to advance the interests of the taxpaying citizens and to prevent public officials from awarding contracts on an arbitrary basis. La. R.S. 38:2211 et seq. A public entity can not waive deviations that are substantive in nature when awarding a public contract to the lowest responsible bidder. Boh Bros. Const. Co, L.L.C. v. Dept. of Transp. and Development, 97-0168 (La. App. 1 Cir. 7/14/97), 698 So.2d 675, writ denied, 97-2113 (La.11/21/97), 703 So.2d 1309.

Bid Errors or Omissions
Drennan argues that Robinson's bid bond violated the mandatory substantive requirements and was unenforceable as written. The bid specifications state in pertinent part:
Form of Proposals
(1) All proposals must be made on the Form of Proposal embodied in the special Specifications for each contract and this form must not be detached from the specifications....

*1172 * * *
Proposals
(3) ... Any proposal which does not fully comply with all of the provisions of the "Information for Bidders" and of the specifications will be considered informal and may be rejected. [Emphasis added.]
The bid specifications provide in pertinent part:
1-16 DEPOSIT OR BID BOND
A. The amount of the deposit or bid bond for this contract as required in Paragraph No. 1, in Section "A" of the General Specifications shall be five per cent (5%) of the total lump sum amount of the proposal made payable to the Sewerage and Water Board of New Orleans and subject to forfeiture upon failure to sign contract and execute bond within ten (10) days after official award of the contract. [Emphasis added.]
The Form of Proposal states in pertinent part:
7-05 DEPOSIT OR BID BOND
____ enclose with this proposal a ____, as required, for the sum of ____ Dollars ($_____)/(_____%) made payable to the Sewerage and Water Board of New Orleans, which ____ hereby forfeit as liquidated damages to the Sewerage and Water Board, in event of failure to enter into a contract with good and solvent bond to the full amount of the contract in a surety company legally authorized to do business in the state of Louisiana and acceptable to the Sewerage and Water Board. [Emphasis added.]
Drennan claims that it is mandatory that the bid bond be made payable to the "Sewerage and Water Board of New Orleans"; however, Robinson's bid bond was made payable to the "City of New Orleans." The S & WB has different responsibilities and liabilities from the City of New Orleans, and they are different entities. Eschete v. City of New Orleans, 231 So.2d 725 (La.App. 4 Cir.1970), reversed on other grounds, 258 La. 133, 245 So.2d 383 (La.1971); Coleman v. Housing Authority of New Orleans, 94-1326 (La. App. 4 Cir. 3/16/95), 652 So.2d 1051, writ denied, 95-0971 (La.6/2/95), 654 So.2d 1108. Drennan maintains that the error is substantive and cannot be waived.
Drennan also submits that bids of Robinson and Hazard violated the mandatory requirements of the DEB program. Drennan asserts that the DEB program has the goal to encourage disadvantaged and minority participation in public contracts, although it cannot form the basis of a mandatory requirement of the Louisiana public bid specification. Although the DEB program is voluntary, in the present case, the Bid Specifications in the contract make it mandatory that each bidder should attach an affidavit, demonstrating a good faith effort to try to achieve a stated ten percent DBE goal, and to achieve that goal using certified disadvantaged business enterprises as subcontractors or suppliers.
Drennan points out that Robinson's bid included a DBE form listing "Aguillard Const." as the DBE subcontractor to perform ten percent of the contract work. Aguillard is not listed on the certified DBE list given to the bidders with the published bid specifications list of February 23, 1998, or on the subsequent list of April 6, 1998. Hazard's bid did not include a DBE subcontractor who was certified. Neither Robinson nor Hazard's bids included an affidavit attesting to a good-faith effort to comply with the DBE requirements, or supporting documents.

*1173 Louisiana Public Bid Law Requirements

Drennan contends that the Louisiana Public Bid Law Requirements that were violated were mandatory and could not be waived. The S & WB avers that the deviations were not substantive but were informalities that could be waived.
La. R.S. 38:2212A(1)(b) provides:
(b) The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity. [Emphasis added.]
In Stafford Const. Co., Inc. v. Terrebonne Parish School Bd., 560 So.2d 558 (La.App. 1 Cir.1990), opinion after remand, 612 So.2d 847 (La.App. 1 Cir.1992), writ denied, 614 So.2d 82 (La.1993), the First Circuit found that the contractor Acadian's bid form, lacked a necessary and substantial part, the corporate resolution. The requirement that a corporate resolution be attached to the bid form was necessary to validate the authority of the corporation to submit a bid. The First Circuit stated:
... The public bid laws simply do not allow for an exception to be made in the case of a substantial error in bidding, otherwise the determination of bid validity would become arbitrary, which is what the public bid laws attempt to prevent.
As Acadian's bid package varied substantially from that required, we hold the trial court was clearly wrong in reasoning that the lack of a corporate resolution was a "minor, insignificant formality."

Id., 560 So.2d at 561.

In V.C. Nora, Jr. Bldg. & Remodeling, Inc. v. State of Louisiana, Through the Dept. of Transp. and Development, 93-1469 (La.App. 3 Cir. 3/30/94), 635 So.2d 466, Nora's bid was rejected because it failed to comply with mandatory, advertised requirements for mailing or delivering the bid or to provide unit prices. The Third Circuit found that:
... Not only is this court under the general duty to apply a clear and unambiguous law as it is written, LSA-C.C. art. 9, the legislature has further admonished us to consider no public contract provision as a mere formality. R.S. 38:2212A(1)(b).

Id., 635 So.2d at 470.
In Thigpen Const. Co., Inc. v. Parish of Jefferson, 560 So.2d 947 (La.App. 5 Cir. 1990), the Fifth Circuit found that the failure to sign a bid on a public contract was a substantial failure to comply with terms of the contract proposal and the parish properly rejected the bid, notwithstanding the claim that the failure was a technicality which the parish had reserved the right to waive.
In Boh Bros. Const. Co., L.L.C. v. Depart. of Transp. and Development, supra, the First Circuit held that a public entity may waive deviations that are not substantive. The First Circuit stated:
Therefore, we construe La. R.S. 38:2212A(1)(b) to preclude a public entity from waiving substantive provisions and requirements of the Public Bid Law, the advertisement for bids and the bid forms. The public entity may waive deviations that are not substantive in nature. However, it may not treat substantive requirements of the Bid Law, the advertisement for bids and the bid forms as mere informalities in order to justify its decision to waive a deviation in a bid. Whether a public entity permissibly waived a bid requirement is reviewable by the courts, and the issue should be determined by using the substance/form analysis.

Id., 698 So.2d at 678.
*1174 In the present case, Robinson's bid was unresponsive because: (1) the deposit or bid bond was not made out to "Sewerage and Water Board of New Orleans"; and (2) Robinson did not name a certified subcontractor or supplier on the DBE list; or in the alternative, Robinson did not attach an affidavit showing that it made a good faith effort to use certified disadvantaged business enterprises. These errors are substantive formalities that could not be waived.
Robinson counters that Drennan's bid bond was unresponsive because Drennan did not name a certified subcontractor or supplier on the DBE list, and Drennan omitted the supporting document, which was required to be attached to the good-faith affidavit, to explain Drennan's good faith effort to comply with the DBE goal.
Section 5-01 of the S & WB DBE program specifications provides in pertinent part:
... the Sewerage and Water Board of New Orleans has established a race and gender-neutral disadvantaged Business Enterprise Plan. As part of that Plan, on any publicly bid construction contract, not involving funds from a source other than the Sewerage and Water Board of New Orleans, the prime contractor shall be required to make a demonstrated good faith effort to award ten (10%) percent of the amount of the contract to certified disadvantaged business enterprises as subcontractors or suppliers.... This percentage requirement shall be considered an informality which is subject to modifications and may be waived or adjusted by the Sewerage and Water Board of New Orleans if the prime contractor, after having demonstrated a good faith effort, is unable to comply with the requirement. [Emphasis added.]
The DBE percentage requirement is waivable; however the demonstrated, good faith effort is mandatory. All the bidders are equally required to demonstrate a good faith effort to conform with the DBE percentage requirement.
When a bidder is unable to obtain certified DBE participation, the DBE bid specifications provide:
5.06 Setting Minimum Participation Goals

The stated minimum percentage DBE participation goal recommended by CRC and approval by the Board applies to the work of this contract. Bids which are accompanied by a properly completed Schedule of DBE Participation Summary Sheet showing that at least the percentage goal of the total contract bid price will be subcontracted or otherwise awarded through procurement action to DBEs shall be considered unresponsive, unless:
A. An Affidavit is furnished by the bidder with its bid showing that the DBE goals cannot be met for the following reasons:
1. No DBE firms made offers. Here, it must be shown, documented and demonstrated that good faith efforts (as defined in Part III, D, 2 of the Board's DBE Plan) were made by the bidder to obtain the participation of DBE firms and that they did not respond, or
2. The DBE offers made and accepted for subcontract and/or material supplies do not total the stated goal for participation, but total a lesser percentage, and
3. The bidder was unable to obtain DBE further participation, despite his or her demonstrated good faith efforts (as defined in Part III, D, 2 of the Board's DEB Plan) to obtain additional participation by DBE firms.

*1175 B. Each of the assertions made by the bidder must be supported by documentary evidence. [Emphasis added.]
* * *
5.08 Demonstrated Good Faith Efforts to Meet Goals

Initial determination of bidder efforts to meet the DBE participation goal shall be based on the DBE participation representations submitted with the bid. Bidders shall submit all the forms required herein with their bids, and the DBE Office will examine the contents thereof. The Board's DBE Officer may, if deemed advisable, request further information, explanation, or justification from any bidder. [Emphasis added.]
Section 5-06A states that an affidavit is to be furnished with the bid. Although supporting documentary evidence is required, the specification does not state that the supporting documentary evidence is required to be furnished with the bid.
Further, Section 5-08 begins by referring to the initial determination. This implies that materials may be provided later. Section 5-08 also says that the initial determination of bidder efforts to meet the DBE goal shall be based on DBE participation representations submitted with the bid. Section 5-08 does not say "documentary evidence" but uses the word "representations." Also the bidders shall submit all the forms required with their bids. The forms required are the DBE participation form and the affidavit. Section 5-08 includes wording that the DBE may request further information. This implies that supporting documentation or information may be submitted after the bid.
The DBE specifications require that the affidavit be submitted with the bid. Drennan's affidavit provided its good faith efforts by itemizing its letter, telephone calls, advertisements in trade journals, facsimiled letters and responses. The affidavit gives the telephone listings, and provides data in the letters, advertisements and telephone calls. Drennan's affidavit offered to submit further itemized data to the S & WB upon request pursuant to Section 5-08 of the DBE specifications.
Drennan's affidavit complies with the DBE specifications. It is undisputed that neither Robinson or Hazard provided the required affidavit. Therefore, Drennan is the lowest responsible bidder.

Mandamus
Drennan contends that the trial court erred in not issuing the S & WB a mandamus, ordering it to select Drennan as the lowest responsible bidder. Robinson argues that mandamus may be directed by a public officer to compel only the performance of a ministerial duty required by law; mandamus shall not issue to compel the performance of an act that contains any element of discretion, however slight. Huszar v. Tangipahoa Parish School Bd., 95-2594 (La.App. 1 Cir. 9/2/7/96), 681 So.2d 60, writ denied, 96-2602 (La.12/13/96), 692 So.2d 1064.
La. C.C.P. art. 3862 provides in part:
A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice....
Mandamus is an extraordinary remedy that is to be used sparingly to compel the performance of a ministerial duty that is clearly required by law. Plaquemines Parish Council v. Petrovich, 629 So.2d 1322 (La.App. 4 Cir.1993), writ denied, 94-0151 (La.3/11/94), 634 So.2d 390. A writ of mandamus may not be issued to compel a *1176 public official to exercise discretionary authority. Connick v. City of New Orleans, 543 So.2d 66 (La.App. 4 Cir.1989). Discretionary duties, in contrast to ministerial duties, are not the proper subject of mandamus action. Bustamente v. Jefferson Parish Inspection & Code Enforcement, 96-320 (La.App. 5 Cir. 10/1/96), 683 So.2d 822.
Robinson asserts that mandamus cannot issue because the statutory provisions relative to S & WB's bids for public contracts still provide that the requirement of the bond itself is permissive as opposed to mandatory. Therefore, the making out of the bid bond to the wrong entity was waivable and discretionary.
La. R.S. 33:4085B(3) provides:
Bids for work may require the bidders to attach a bid bond or a certified check for not more than five percent of the contract price of work to be done, as an evidence of good faith of the bidder. The board may publish other necessary notices and calls for bids. [Emphasis added.]
La. R.S. 38:2218A states in pertinent part:
The public entity advertising for bids for work shall require the bidder to attach a certified check, cashier's check, or bond for no more than five-percent of the contract price.... [Emphasis added.]
Where two statutes deal with the same subject matter, they should be harmonized if possible, but if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Hayden v. Richland Parish School Board, 554 So.2d 164, 167 (La.App. 2 Cir. 1989), writ denied, 559 So.2d 124 (La. 1990). Robinson maintains that La. R.S. 33:4085B(3), the more specific statute, governs and includes the permissive wording "may," making the Public Bid Law discretionary.
La. C.C. art. 7 provides:
Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity.
La. C.C. art. 10 states:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
La. C.C. art. 11 provides:
The words of a law must be given their generally prevailing meaning.
La. C.C. art. 12 states:
When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
La. C.C. art. 13 provides:
Laws on the same subject matter must be interpreted in reference to each other.
The language in La. R.S. 33:4085B(3), "Bids for work may require the bidders to attach a bid bond or a certified check," can be understood to allow the S & WB the discretion to require bidders to attach a certified check, bid bond or neither. However, the statute could also be understood to require either a bid bond or a certified check, meaning that a choice between those two is discretionary; however, one or the other is necessary. La. R.S. 38:2218A states that public bodies shall require a certified check, cashier's check, or bond. Considering that the wording of La. R.S. 33:4085B(3) must be read in conjunction with the other statutes and must be interpreted as having the meaning that *1177 best conforms to the purpose of the law and public interest, the wording is understood that it is mandatory that the bidder must attach a certified check or bid bond. The bidder has the choice between the options but must provide one of the options. This interpretation prevails. Under the above statutes, furnishing a certified check or bid bond is mandatory and not discretionary.
Robinson also asserts that the bid specifications are permissive because they provide:
... The Sewerage and Water Board reserves the right to reject all proposals, and may exercise that right if doing so should appear to be to the best interest of the Board. The Board may waive informalities in the lowest proposal and accept this proposal if this should appear to be to the best interests of the Board. [Emphasis added.]
The bid specifications do not allow the waiver of substantive formalities. Boh Bros. Const. Co, supra. The S & WB cannot provide specifications that they have the discretion to reserve their right to reject proposals that conform to the substantive requirements because that would be contrary to public interest. The Public Bid Law is intended to prevent public officials from awarding contracts on an arbitrary basis under La. R.S. 38:2211 et seq. The substantive requirements are mandatory and cannot be waived. The failure of the S & WB to award a contract to the lowest responsible bidder when it had no just cause to reject the lowest responsible bid, is the breach of a ministerial duty. Absent just cause to reject all bids, mandamus can be used to compel the awarding of the contract to the lowest responsible bidder under the Public Bid Law. Terral Barge Line, Inc. v. Madison Parish Port Com'n, 577 So.2d 787 (La.App. 2 Cir.1991).
Under La. R.S. 38:2214 and 38:2215, the governing authority has 30 calendar days from the opening of the bids: (1) to award the contract to the lowest responsible bidder; (2) to reject all bids; or (3) negotiate an extension of time with the lowest responsible bidder. Donahue v. Board of Levee Com'rs of Orleans Levee Dist., 413 So.2d 488 (La.1982). Once the public entity has exercised its option and accepted a lowest responsible bid, it cannot reject all the bids and readvertise the project. Id. at 492. To provide otherwise would permit the possibility of favoritism in public bidding, which the statute was enacted to prevent. Id. Now, a public entity has 30 calender days within which to either award the subject contract or to reject all bids, but such rejection must be done for just cause. New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223, (La.4/10/95), 653 So.2d 538. After 30 days, if the public entity has not availed itself of one of the three options, it can no longer reject all bids, even for just cause, and must award the contract to the lowest responsible bidder. Id. at 546. The Louisiana Supreme Court stated:
Since the City failed to comply with its obligation to award the contract within the 30-day period, a mandamus action to compel the public entity to award the contract to the lowest qualified bidder was justified. At this point, the City could not avoid its ministerial duty by trying to change the basis of the contract from "administrative services" to "professional services" and readvertise for bids; the 30-day period in LSA-R.S. 38:2215 had already expired; it was simply too late.
Id.
In the present case, we conclude that Robinson and Hazard are not the lowest responsible bidders. Once the S & WB *1178 selected Robinson as the lowest responsible bidder, it cannot then reject all bids. Therefore, the S & WB must select Drennan as the lowest responsible bidder. The trial court clearly abused its discretion in failing to grant Drennan's petition for preliminary injunction and writ of mandamus.
Accordingly, the trial court's judgment is reversed. Drennan's petition for preliminary injunction is granted to prevent Contract No.6216 from being awarded to Robinson. Drennan's petition for writ of mandamus is also granted. The S & WB is ordered to award the contract to Drennan as the lowest responsible bidder.
REVERSED.