54 So.3d 1238 (2010)
4140 CANAL STREET, L.L.C.
v.
CITY OF NEW ORLEANS and the New Orleans Historic Landmarks Commission.
No. 2010-CA-1038.
Court of Appeal of Louisiana, Fourth Circuit.
December 28, 2010.
*1239 Albert J. Nicaud, Nicaud & Sunseri, LLC, Metairie, LA, for Plaintiff/Appellant, 4140 Canal Street, L.L.C.
Bobbie F. Mason, Assistant City Attorney, Dawn E. Segura, Chief Deputy City Attorney, Deborah Wilson, Deputy City Attorney, Darryl M. Phillips, Chief Of Litigation, Thomas A. Robichaux, Deputy City Attorney, Nannette V. Jolivette Brown, City Attorney, New Orleans, LA, for Defendant/Appellee, City of New Orleans.
(Court Composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DAVID S. GORBATY, Judge ROLAND L. BELSOME).
*1240 JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, 4140 Canal Street, L.L.C., appeals the May 12, 2010 judgment in favor of the defendants-appellees, The New Orleans Historic District Landmarks Commission (HDLC) and the City of New Orleans (City), denying its Petition for Injunction seeking to block the designation of its building at 4140 Canal Street as an historic landmark.
On September 11, 2009, the New Orleans Historic District Landmarks Commission moved to nominate the property located at 4140 Canal Street, New Orleans, LA, for study as a local historic landmark. 4140 Canal Street, L.L.C. is the owner of 4140 Canal Street. Barry Katz, as member-manager of 4140 Canal Street L.L.C., was notified of the HDLC's decision via letter dated September 14, 2009. 4140 Canal Street, L.L.C. appealed the decision of the HDLC to the New Orleans City Council on September 17, 2009. In a letter to Councilmember Shelley Midura dated October 19, 2009, Barry Katz opposed the nomination for the following reasons: (1) Over the course of 4140 Canal Street, L.L.C.'s ownership of the property, the architectural integrity of the building had been protected; (2) There is no intention to demolish the building; and (3) There is no intention to change the exterior of the building.[1]
On October 20, 2009, the New Orleans City Council denied Mr. Katz's appeal.
On February 11, 2010, the HDLC voted to designate 4140 Canal Street as a City landmark. The New Orleans City Council voted on March 11, 2010 to uphold the HDLC "designation of 4140 Canal Street for Designation as a Landmark." 4140 Canal Street, L.L.C. appealed by filing a Petition for Injunction against the City of New Orleans and the HDLC in the district court on April 8, 2010. The case was submitted on memoranda by agreement of the parties. On May 12, 2010 the district court rendered judgment denying the plaintiff's request for an injunction. It is from this district court denial of the Petition for Injunction that the plaintiff brings this appeal.
The trial court's denial of the plaintiff's injunction request as set forth in the written reasons for judgment, was based in part on the fact the plaintiff made arguments that in the absence of injunctive relief his property would suffer a loss of value.[2] The court concluded that such a loss, "if true, is compensable in money, thus, no irreparable harm." We agree.
The plaintiff contends that under La. R.S. 25:742, the HDLC has no regulatory authority outside of the boundaries of an historic district. As it is uncontested that 4140 Canal Street is not in an "historic preservation district" as defined by La. R.S. 25:742, the plaintiff contends that the HDLC had no authority to designate 4140 Canal Street as historic.
However, La. R.S. 25:744 provides the authority to designate landmarks outside *1241 the boundaries of an historic preservation district:
"An historic preservation district commission may be empowered by the local governing body to name or designate any site, location, structure or monument within the area served by the governmental unit as worthy of preservation whether within or outside the confines of an historic district and to exercise all other powers and functions of a landmarks commission, except that no historic district commission shall be empowered to act in a landmark capacity where its jurisdiction overlaps the authority of an existing landmarks commission pursuant to this Act."
Thus, La. R.S. 25:744 empowers the "local governing body" (in this case the City of New Orleans) to authorize an historic district commission, such as the HDLC in this case, to make historic landmark designations "outside the confines of an historic district." Consistent with this authority, as part of its historic preservation ordinance, the City of New Orleans enacted Section 84-50 of the City Code of the City of New Orleans authorizing the HDLC to designate historic landmarks:
1. Name or designate a building together with its accessory buildings and its lot of record or any part thereof, or to name or designate vacant sites not in excess of five acres as historic and worthy of preservation as a landmark within the jurisdiction of the commission. Buildings and sites not encompassed by this subsection may be designated as a landmark by the commission, but such determination shall be ratified by a majority vote of the city council.
Therefore, we find that the HDLC has the authority to make historic designations outside the boundaries of historic within the City of New Orleans.
The plaintiff makes the additional argument that it is significant that La. R.S. 25:742 refers to "buildings" and "structures" separately, but La. R.S. 25:744 which is the source of the HDLC's authority to act outside of an historic district, refers only to "structures" and makes no mention of "buildings." The plaintiff argues that it was the intent of the legislature to limit the jurisdiction of historic district commissions outside of historic districts to "structures" exclusive of "buildings." The plaintiff argues that as 4140 Canal Street is a "building" outside of an historic district and not a "structure", the HDLC jurisdiction to designate historic landmarks does not extend to it. By way of example, the plaintiff suggests that the term "structure" in La. R.S. 25:742 and 25:744 refers to things such as art sculptures, burial tombs, statues and bridges, but does not include buildings such as 4140 Canal Street. We agree with the City's argument that typical dictionary definitions of the term "structure" make reference to "buildings" and vice versa. Words in a statute must be given their general and prevailing meaning. La. C.C.P. art. 10. We find that given their general and prevailing meanings, while not all structures are buildings, all buildings are structures, and in that context the terms may be used interchangeably.
Thus, we find that when La. R.S. 25:744 refers to "structures" it clearly and unambiguously includes "buildings" such as 4140 Canal Street. Therefore, we are not persuaded by the plaintiff's argument on this issue.
The plaintiff also argues that the historic designation is tantamount to unlawful discriminatory zoning because it was based on a finding that 4140 Canal Street is an example of Curtis and Davis *1242 Architecture, a basis that was rejected when the Curtis and Davis designed Rivergate, St. Francis Cabrini Church and the old Supreme Court Building were demolished. The plaintiff offered as an exhibit a Times Picayune article quoting former councilwoman, Cynthia Willard-Lewis, as saying that it was ridiculous to describe as historic the Curtis and Davis designed St. Francis Cabrini Church that was not as old as she was. The plaintiff notes that 4140 Canal Street building having been built in 1963, is less than 50 years old. Therefore, the plaintiff contends that to designate 4140 Canal Street as historic is arbitrary, unreasonable and discriminatory in the context of the treatment received by other Curtis and Davis buildings.
However, evidence in the record shows that 4140 Canal Street, originally constructed as the Automotive Life Insurance building, designed by Curtis and Davis, is particularly interesting due to its curvilinear aesthetic, a design aspect they used in many of their other projects. The most distinctive feature of the building is the two story vaulted portico spanning the facade and side elevations. The billowing arched vaults make the building appear suspended in mid-air. Slender cross shaped columns made of precast concrete with interior steel structures support the portico roof. Each vault is twelve square feet, which is the basis of the buildings plan and is repeated throughout the interior. Five identical round arched windows, each two stories tall, create a cohesive façade.
Curtis and Davis are widely recognized and admired as architects, being responsible for some of the most iconic modern buildings in the City of New Orleans and surrounding area. Over the thirty or so years that the architects worked together, they were responsible for producing hundreds of buildings worldwide.
Curtis and Davis were given a large budget and creative freedom to design 4140 Canal Street. With unlimited freedom, the Automotive Live Insurance building was designed unlike any previously seen in the City. For example, the building was honored with the Gulf States Region of the American Institute of Architects Award, Honor Award, Louisiana Architect Association, Honor Award, and Award of Merits (Interior).
Therefore, we find that the designation of 4140 Canal Street as an historic landmark is amply supported by evidence in the record, and is in no way arbitrary, unreasonable or an abuse of discretion.
The plaintiff also asserts that the designation of 4140 Canal Street as a landmark is discriminatory because the City Council voted to approve the HDLC's designation of 4140 Canal Street, but supported the demolition of St. Francis Cabrini Church, another Curtis and Davis structure, in favor of the Archdioceses of New Orleans' efforts to build a new Holy Cross High School.
In light of the uniqueness of every historic building, the nomination, architectural evaluation/study, and landmark designation of a building is decided on a case-by-case basis.
For example, the circumstances surrounding St. Francis Cabrini Church and the subject property, 4140 Canal Street, are distinguishable. Consistent with its actions regarding 4140 Canal Street, the HDLC supported the nomination of St. Francis Cabrini for designation as a landmark. However, the most important factual difference is that the demolition permit for St. Francis Cabrini Church was applied for and approved by the Department of Safety and Permits prior to the HDLC's landmark nomination. A demolition permit issued prior to an HDLC nomination *1243 supersedes the HDLC nomination and/or landmark designation of a property as it did with St. Francis Cabrini Church. In the instant case no demolition permit was issued prior to the landmark designation of 4140 Canal Street.
Therefore, in view of the uniqueness of each historic landmark and the reasonableness of the factors considered in making the historic designation in this case, we find no unlawful discrimination against the plaintiff in the historic landmark decision making process.
Section 84-107 of the Code of City of New Orleans (City Code) requires that the commission cause notice of the proposed designation to be published at least once, at least 30 days prior to the public hearing in the official journal of the Parish and notice of the hearing is to be posted in a place where the commission meets. In addition, such notice may be also published in a newspaper having general circulation in the Parish. The defendants acknowledge that notice was not given in conformity with these provision of Section 84-107 as set forth below:
Section X. Landmarks Designation Procedure.
A. The following procedure shall be adhered to in designating any building, structure, site, monument, or other landmark that is worthy of preservation: (1) the Commission shall consider for landmark designation any property proposed by motion of any Commission member and seconded by two additional Commission members, or by the owner of proposed property. (2) Notice of a proposed designation shall be sent by registered mail to the owner of property proposed for landmark designation, describing the property proposed and announcing a public hearing by the Commission to consider said designation. (3) The Commission shall also send notice of a proposed designation to all city agencies having previously requested notification of such proceedings; to the landmark area advisory board in whose area the proposed landmark is located, if any exists; and to other parties customarily informed by the Commission of such proceedings. (4) The Commission shall also cause notice of the proposed designation to be published at least once at least thirty (30) days prior to the public hearing in the official journal of Orleans Parish and shall post notice of the hearing in the place where the Commission meets, and in addition, such notice may be also published in a newspaper having general circulation in Orleans Parish. (5) The Commission may solicit expert testimony regarding the historic and architectural importance of the building, structure, site, monument, area, or other landmark under consideration for designation. (6) The Commission may present testimony or documentary evidence of its own to establish a record regarding the historic and architectural importance of the proposed landmark property. (7) The Commission shall afford to the owner of said property reasonable opportunity to present testimony or documentary evidence regarding the historic and architectural importance of the proposed landmark property. (8) The owner of property proposed for landmark designation shall be afforded the right of representation by counsel and reasonable opportunity to cross examine witnesses presented by the Commission. (9) Any interested *1244 party may present testimony or documentary evidence regarding the proposed landmark designation at the public hearing and may submit to the Commission documentary evidence within three (3) days after the hearing. (10) Within not more than forty-five (45) days after a public hearing, the Commission shall render a final decision regarding the proposed designation and shall give written notice of its decision to the owner of the property proposed for designation setting forth the reasons thereof. (11) The Commission shall maintain a record of all testimony and documentary evidence submitted to the Commission for consideration of a proposed landmark designation. (12) In accord with Section IX, A(2) of this Ordinance, the City Council may ratify the determination of the Commission prior to the classification of a property, as defined in Section IX, A(2), as a landmark at a regular or special meeting of the City Council. (13) Within thirty (30) days of the date on which the Commission designates or the City Council ratifies, as the case may be, any building, structure, site or monument as a landmark worthy of preservation, the Commission shall cause to be filed in the conveyance office of Orleans Parish a certificate of notification that such property is designated a landmark, and said certificate of notification shall be maintained on the public records until such time as the landmark designation may be withdrawn by the Commission or the City Council.
Items numbered "(2)" and "(4)" bear on the issues in the instant case. The plaintiff complains that the HDLC did not adhere to the literal requirements of item "(4)" requiring 30 days public notice. Mr. Katz does not dispute that he received actual notice consistent with item "(2)".
The record contains a copy of a letter dated April 1, 2009, from the HDLC addressed to the plaintiff, informing the plaintiff that the property located at 4140 Canal Street would "be considered for nomination as a local historic landmark at [the HDLC's] meeting of April 9, 2009."
The record also contains a copy of a letter from the HDLC addressed to the plaintiff, dated April 14, 2009, informing the plaintiff that at the meeting of April 9, 2009, the HDLC had voted to defer action until the meeting of June 12, 2009. There is a United States Post Office receipt showing that the letter was delivered to the plaintiff.
The record contains a copy of a letter from Mr. Katz on behalf of the plaintiff addressed to the HDLC, dated June 11, 2009, asking for a continuance.
This is followed by a letter from the HDLC to the plaintiff dated June 16, 2009, informing the plaintiff that, pursuant to its request, a continuance was granted until September 11, 2009. There is a United States Post Office receipt showing receipt by the plaintiff.
This is followed in the record by a letter from the plaintiff dated September 17, 2009, addressed to the Clerk of the New Orleans City Council, appealing the HDLC decision to nominate 4140 Canal Street for historic landmark designation.
This is followed by a letter from the plaintiff dated October 19, 2009 to the Honorable Shelley Midura, Councilmember District "A" opposing the nomination.
The City Council denied the appeal and the HDLC proceeded with consideration of the nomination. The record contains a letter from the HDLC addressed to *1245 the plaintiff dated February 1, 2010, informing the plaintiff that the decision to designate 4140 Canal Street as an historic landmark would be voted on on February 11, 2010. Accordingly, the HDLC proceeded to designate the property as an historic landmark, which was followed by the plaintiff's appeal to the City Council, which was denied.
None of the foregoing sequence of events is in dispute. It is apparent that throughout the process, the plaintiff received actual notice directed to it. In fact, the consideration of the issue was continued at least twice pursuant to the request of the plaintiff, resulting in cumulative delays at the behest of the plaintiff of at least five months. Therefore, the plaintiff has no basis to complain that it received no notice, or that there was a rush to judgment and the plaintiff makes no such complaints. In other words, the plaintiff makes no argument in this appeal that it was in any way prejudiced by lack of notice or by notice that was too brief.
We find that where the property owner receives actual notice directed to it consistent with item "(2)" of Section 84-107 of the Municipal Code of the City of New Orleans, then notice pursuant to item "(4)" becomes redundant and unnecessary. This view is consistent with the due process analysis set forth in Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), where public notice was deemed inadequate in the absence of a good faith attempt to deliver personal notice. In the absence of any contrary expression by the plaintiff denying that it received actual notice in a timely fashion, we conclude that the only persons who might have standing to complain about the failure to publish public notice as required by the Ordinance would be members of the public with an interest in the matter. As there has been no such complaint filed with this Court by a member of the public[3], and Mr. Katz does not contend that he was in any way prejudiced by the failure of the HDLC to adhere to the 30 day public notice requirement, we find that the failure of the defendants to adhere to the 30 day public notice requirement is immaterial and does not vitiate the designation of 4140 Canal Street as an historic landmark.
The plaintiff's final argument is that the historic designation will result in a diminution of the value of the property for which he should be compensated with monetary damages, in effect a constitutional "takings" argument. Consequently, he contends that should his request for an injunction be denied, he should be allowed to amend his petition on remand in order to state a cause of action in damages pursuant to La. R.S. 25:746 and § 84-134 (Appeals) of the City Code in order to recoup this loss in value. We find nothing in the record indicating that the plaintiff addressed this request to amend its petition to the trial court. Moreover, there is no request in the record in the district court of an alternative claim for damages by the plaintiff. Therefore, we decline to consider a remand or an award of damages for the first time on appeal to this Court.
A denial or dissolution of a preliminary injunction should not be overturned on appeal absent a clear abuse of the trial court's discretion. FQCPRQ, et al. v. Brandon Investments, L.L.C., 05-0793, p. 3 (La.App. 4 Cir. 3/29/06), 930 So.2d 107, 109; Wallace C. Drennan, Inc. v. Sewerage & Water Board of New Orleans, 00-1146, *1246 p. 3 (La.App. 4 Cir. 10/3/01), 798 So.2d 1167, 1171. Based on the above analysis, we find no abuse of the trial court's discretion in denying the request for a preliminary injunction.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
BELSOME, J., concurs with reasons.
I respectfully concur in the result reached by the majority. However, I write separately to address Section 84-107 of the Municipal Code of the City of New Orleans with respect to the Landmarks Designation Procedure. While Appellant conceded that he received actual notice of the proposed designation, Section X(A)(4) provides that in addition to notice by registered mail to the property owner, "[t]he Commission shall also cause notice of the proposed designation to be published at least once at least thirty (30) days prior to the public hearing in the official journal of Orleans Parish and shall post notice of the hearing in the place where the Commission meets, and in addition, such notice may be also published in a newspaper having general circulation in Orleans Parish." (Emphasis added).
Thus, pursuant to the above language, I cannot agree that Section X(A)(4) is redundant and/or unnecessary. However, I concur with the majority's finding that because Appellant received actual notice and neither alleged nor proved that he was in any way prejudiced by the alleged failure to publish the proposed designation in the official journal thirty days prior to the hearing,[1] the trial court did not abuse its discretion in this case.
NOTES
[1] We note that while Mr. Katz is entitled to praise for his preservation of the structure up to this point and his expression of intention not to demolish the building or alter its exterior, there is nothing to prevent him from changing his mind in the future or to prevent a future owner of the building to decide to demolish or alter the building in the absence of the historic designation. Therefore, Mr. Katz's representations concerning present intentions have no bearing on the merits of the decision to designate the property as a landmark.
[2] We note that the plaintiff asked only for injunctive relief in the trial court and made no alternative claim in the trial court for monetary damages.
[3] Indeed, it is hard to imagine why a member of the public would have any objection to the historic designation. We assume that the requirement of notice to the public was intended to permit members of the public to express their support for such designations.
[1] Appellees assert that although no documentation of a 30-day notice in the official journal of the February 11, 2010 hearing exists in the record, notice of the landmark hearing was delivered to Appellant on February 4, 2010 pursuant to La. R.S. 42:7(b)(1), and that notice of the agenda and meeting was posted on the HDLC's website, as evidenced by a website change form included in the record as an exhibit and dated January 28, 2010.