ECLECTIC INVESTMENT PARTNERS, LP

VERSUS

CITY OF NEW ORLEANS AND NORMAN WHITE, DIRECTOR OF FINANCE AND EX OFFICIO TAX COLLECTOR

* NO. 2019-CA-0895

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06036, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Paula A. Brown)

**DYSART, J., DISSENTS**
**BROWN, J., CONCURS AND ASSIGNS REASONS**

Scott J. Sonnier
ATTORNEY AT LAW
650 Poydras Street, Suite 1400
New Orleans, LA 70130

>    COUNSEL FOR PLAINTIFF/APPELLANT, ECLECTIC INVESTMENT
>    PARTNERS, LP

Sunni J. LeBeouf
CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Kimberly K. Smith
Assistant City Attorney
Tanya L. Irvin
ASSISTANT CITY ATTORNEY
1300 Perdido Street, Room 503-E
New Orleans, LA 70112

>    COUNSEL FOR DEFENDANT/APPELLEE, CITY OF NEW ORLEANS
>    AND NORMAN WHITE, DIRECTOR OF FINANCE AND EX OFFICIO
>    TAX COLLECTOR

**AFFIRMED**
**APRIL 8, 2020**

TFL

This appeal arises from the trial court's denial of a writ of mandamus requested by plaintiff. Plaintiff purchased subject property at a tax sale. Once purchased, plaintiff discovered that additional taxes were owed. Plaintiff sought a mandamus to clear the tax debts owed on the subject property that were allegedly prescribed. The trial court found that the taxes remained due and owing and denied the petition for a writ of mandamus.

We find that the matter is indistinguishable from and controlled by this Court's previous jurisprudence. As such, the trial court correctly denied plaintiff's request for a writ of mandamus. The judgment of the trial court is affirmed.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On April 12, 2016, Eclectic Investment Partners, LP ("Eclectic") purchased property located at 4012-14 General Ogden Street in New Orleans via a tax sale. The property was previously owned by Altlia Shelton Nora and Anna Mae Gillan Nora and was subject to the tax sale for non-payment of taxes for the years 2013-

1

2015 and for a 2015 code enforcement lien.[1]

On May 5, 2016, the City, through its ex-officio tax collector, Norman White, executed a tax sale certificate to Eclectic, which was registered on May 27, 2016, in the Orleans Parish mortgage records. Pursuant to La. R.S. 47:2157(D), Eclectic filed an affidavit in the mortgage record, indicating that written notice was sent to the Noras at their last known addresses. The affidavit further indicated that, pursuant to La. R.S. 47:2157(E), certain interests in the property were canceled.

Following the tax sale, Eclectic filed a Verified Petition for Writ of Mandamus against the City and Mr. White contending that the City issued Eclectic a tax bill, which erroneously included taxes assessed to the Noras prior to the filing of the tax certificate. Eclectic asserted that Mr. White "refused to perform his ministerial duty to correct the tax bill by removing the taxes for 2008 thru 2012 from the tax bill, despite repeated request[s]" from Eclectic.

The trial court denied Eclectic's Verified Petition and designated the judgment as final and appealable. Eclectic's devolutive appeal followed.

### WRIT OF MANDAMUS

On appeal, Eclectic contends that the trial court erred by denying its request for a writ of mandamus because the 2008-2012 *ad valorem* taxes as well as 2009 and 2013 code enforcement liens were no longer due.

This Court previously enumerated the law on mandamus as follows:

> A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may

---

[1] According to Eclectic, the Noras were also delinquent for the taxes on the property from 2008-2012 and the property was subject to 2009 and 2013 code enforcement liens, which were recorded in the Orleans Parish mortgage records. However, the tax sale encompassed years 2013-2015 and the 2015 code enforcement lien.

cause injustice. *See* La. C.C.P. art. 3862. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. *See* La. C.C.P. art. 3863. A "'ministerial duty 'is one in which no element of discretion is left to the public officer, in other words, a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Landis Const. Co., LLC v. Reg'l Transit Auth.*, 15–0854, p. 10 (La.App. 4 Cir. 5/25/16), 195 So.3d 598, 605, quoting *Newman Marchive P'ship, Inc. v. City of Shreveport*, 07–1890, p. 5 (La. 4/8/08), 979 So.2d 1262, 1266.

Mandamus is an extraordinary remedy that is to be used sparingly. *Id.*, 00–1146, p. 11, 798 So.2d at 1175. A writ of mandamus, therefore, may not be issued to compel a public official to exercise discretionary authority. *Id.*, p. 11, 798 So.2d at 1175–1176. It never issues in doubtful cases. *City of Hammond v. Parish of Tangipahoa*, 07–0574, p. 11 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 181. Louisiana's jurisprudence, however, has shown that in the realm of public bid law, mandamus has been an appropriate remedy to award publicly bid contracts when the law requires. *See, e.g.*, *Concrete Busters of Louisiana, Inc. v. The Board of Commissioners of the Port of New Orleans*, 10–1172, p. 10 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 489–490.

We review a trial court's decision to deny a request for a writ of mandamus under an abuse of discretion standard. *See A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans*, 10–1755, p. 9 (La.App. 4 Cir. 8/24/11), 72 So.3d 454, 460. "An appellate court will grant a writ of mandamus only when there is a usurpation of judicial power or clear abuse of discretion." *Wallace C. Drennan, Inc. v. Sewerage & Water Board of New Orleans*, 00–1146, pp. 3–4 (La.App. 4 Cir. 10/3/01), 798 So.2d 1167, 1171.

*Constr. Diva, L.L.C. v. New Orleans Aviation Bd.*, 16-0566, pp. 12-14 (La. App. 4

Cir. 12/14/16), 206 So. 3d 1029, 1037.

La. R.S. 47:2134(A) states:

No court of this state shall issue any process to restrain, or render any decision that has the effect of impeding, the collection of an ad valorem tax imposed by any political subdivision, under authority granted to it by the

3

legislature or by the constitution.

Further, La. R.S. 47:2157 provides, in pertinent part:

A. (1) Upon the expiration of the applicable redemptive period, the tax sale purchaser may send a notice to a tax sale party whose interest the tax sale purchaser intends to terminate that the party has until the later of:

\*      \*      \*

D. After the expiration of the applicable time period set forth in the notice, the tax sale purchaser may file with the recorder of mortgages an affidavit indicating how the tax sale parties whose interest the purchaser intends to be terminated were identified, how the address of each tax sale party was obtained, how the notice was sent, the results of sending the notice, and the dates of publication. The affidavit may also contain a statement of the interests to which the purchaser takes subject. The recorder of mortgages shall index the affidavit only under the names of the tax sale purchaser and the tax debtor as mortgagors. The affidavit shall be sufficient if it is in the following form:

\*      \*      \*

E. The filing of the affidavit provided in Subsection D of this Section with the recorder of mortgages of the parish in which the property is located shall operate as a cancellation, termination, release, or erasure of record of all statutory impositions due and owing to the political subdivision prior to the recordation of the tax sale certificate, and of all interests, liens, mortgages, privileges, and other encumbrances recorded against the property and listed in the affidavit. Governmental liens and statutory impositions due to other political subdivisions other than the selling political subdivision shall not be canceled or terminated. The recorder of mortgages shall index the affidavit only under the name of the tax debtor and current owner.

F. Upon filing of the affidavit under Subsection D of this Section, the recorder of mortgages and recorder of conveyances shall treat as canceled, terminated, released, or erased, as applicable, all the liens, privileges, mortgages, interests, or other encumbrances canceled, terminated, released, or erased under Subsection E of this Section, only insofar as they affect the property.

G. The tax sale purchaser shall be liable to and indemnify the recorder of mortgages, the recorder of conveyances, and any other person relying on the cancellation, termination, release, or erasure by affidavit for any damages that they may suffer as a consequence of such

reliance if the recorded affidavit contains materially false or incorrect statements that cause the recorder to incorrectly cancel, terminate, release, or erase any interest as provided in the affidavit. The recorder of mortgages and the recorder of conveyances shall not be liable for any damages resulting to any person or entity as a consequence of the cancellation, termination, release, or erasure of any interest in compliance with this Section.

We find our interpretation of the above statutes and the present matter is controlled by *Harrier Enterprises, LLC v. Imbornone*, 19-0613, p. 4 (La.App. 4 Cir. 1/29/20), ___ So. 3d ___, ___, 2020 WL 486804, *2, wherein this Court found that "the legislature did not intend for Title 47 to authorize the courts to cancel property taxes." We further held that "the purpose of the provision allowing for the cancellation of statutory impositions by affidavit was to eliminate only those prior encumbrances that were actually satisfied through the proceeds of the tax sale." *Id.*, 19-0613, p. 6, ___ So. 3d at ___, 2020 WL 486804, *4. Accordingly, as in *Harrier*, the 2008-2012 *ad valorem* taxes and the 2009 and 2013 code enforcement liens were neither included in, nor satisfied by the price of the property at the tax sale. Therefore, we find that the trial court did not abuse its discretion by denying Eclectic's Verified Petition for Writ of Mandamus. The judgment of the trial court is affirmed.

## *DECREE*

For the above-mentioned reasons, we find that the *ad valorem* taxes on the property from 2008-2012, as well as the 2009 and 2013 code enforcement liens remain unsatisfied. As such, the trial court did not err in denying Eclectic's Verified Petition for Writ of Mandamus and the trial court's judgment is affirmed.

**AFFIRMED**

5