PETTIGREW, J.
li>This matter is before us on appeal by plaintiffs from a judgment of the trial court, overruling their exception raising the objection of no right of action and denying plaintiffs’ request for mandamus relief, with regard to an alleged mapping error on the St. Tammany Parish zoning map. For the following reasons, we reverse, in part, the trial court judgment, and grant mandamus in favor of plaintiffs as discussed in more detail below.
FACTS AND PROCEDURAL HISTORY
In 2007, the St. Tammany Parish Council (“Council”) began a comprehensive re *716 zoning of all unincorporated areas of St. Tammany Parish. For this purpose, the Council established a Special Zoning Commission (“Zoning Commission”)' to make recommendations to the Council on all such properties. The Council held various public meetings in and around St. Tammany Parish to get input and hear requests from landowners and residents regarding zoning. At all times pertinent hereto, Ronald A. Goux owned approximately 36.6 acres of land in St. Tammany Parish, with said property being situated in the Southwest corner of the intersection of U.S. Interstate 12 and Louisiana Highway 21, with frontage along Brewster Road (“the 36.6 acres”).
On December 15, 2008, Mr. Goux, through his counsel, issued a written request to St. Tammany Parish Government (“the Parish”) to have the 36.6 acres zoned HC-3. Attached to this letter was a survey map of Mr. Goux’s property, including a legal description of said property.[1] At the January 13, 2009 Zoning Commission meeting, Mr. Goux’s counsel asserted that the 36.6 acres was bordered by U.S. Interstate 12 to the North; property, historically zoned C-2 Highway Commercial, to the East, Brewster Road to the South; and a church, proposed to be rezoned PF-1, to the West. He further argued that similarly situated large parcels of land on the Northwest, Northeast, and Southeast quadrants of the intersection of U.S. Interstate 12 and Louisiana Highway 21 had all | ...historically been zoned C-2 Highway Commercial and were proposed to be rezoned to HC-3 as part' of the Parish’s comprehensive rezoning process.
According to the record, the Zoning Commission recommended that the 36.6 acres be rezoned HC-3 pursuant to the comprehensive rezoning plan, subject to a portion of the 36.6 acres measuring 75' in depth from South to North running the entire length of the property, parallel to Brewster Road, from East to West, being rezoned A-3. This matter was then placed on the agenda for the Council’s February meeting, but tabled.[2] However, the ordinance to adopt the recommendations of the Zoning Commission and comprehensively rezone the Southwest Study Area, which includes the 36.6 acres, was introduced as Ordinance Calendar No. 4029 on March 5, 2009, and then reintroduced multiple times thereafter with amendments. At the June 4, 2009 Council meeting, numerous changes were made to the Southwest Study Zone map, including the rezoning of the 75' strip of Mr. Goux’s property that had previously been zoned A-3 to HC-3.[3] This, presumably, resulted in the entirety of Mr. Goux’s 36.6 acres being zoned HC-3.
On September 3, 2009, Ordinance Calendar No. 4029, as amended, appeared on the *717 Council’s agenda. The ordinance was adopted by the Council and became Ordinance C.S. No. 09-2116.[4] The pertinent portions of Ordinance C.S. No. 09-2116 provided as follows:
THE PARISH OF ST. TAMMANY HEREBY ORDAINS that the Unified Development Code, Volume 1 is hereby amended to include the Zoning Map recommended by the St. Tammany Parish Zoning Commission on February 10, 2009, as amended. (See Attached Map) The attached map being the Zoning Base Map for the South West Study Area.
|4BE IT FURTHER ORDAINED that, upon the effective date of this ordinance, all land uses within the area bounded by Highway 59 on the east, Lake Pontchartrain on the south, the Tangipahoa Parish Line on the west, and the Tchefuncta River to Highway 190 to Highway 36 on the north shall be regulated in accordance with the Unified Development Code and this map.
REPEAL: All Ordinances or parts of Ordinances in conflict herewith are hereby repealed.
Subsequent to the passage of the amended ordinance on September 3, 2009, Parish staff erred when translating the action taken by the Council to the Parish Zoning map. In particular, the westernmost 10 acres of Mr. Goux’s property (“the 10 acres”) was erroneously identified on the Parish zoning map as being zoned CB-1.[5]
In 2012, Mr. Goux discovered this error by the Parish and brought it to the attention of Sidney Fontenot, the Director of Planning and Permits for the Parish, requesting that it be corrected. After investigating the matter, Mr. Fontenot acknowledged the error and indicated that he believed that in order to correct it, the matter would need to be presented to the Zoning Commission and ultimately the Council. Thereafter, the Parish placed a proposal on the Zoning Commission’s agenda to have the 10 acres rezoned from CB-1 to HC-3.[6]
*718 The Parish’s rezoning proposal was first considered by the Zoning Commission at its November 7, 2012 meeting, at which time the matter was tabled. At its December 4, 2012 meeting, the Zoning Commission heard from counsel for Mr. Goux, as well as | ¿numerous residents who lived in neighborhoods around the Brewster Road area. Counsel for Mr. Goux argued that the entirety of the property had already been zoned HC-3 and that the map simply needed to be corrected. The residents all opposed the HC-3 zoning, arguing that the error in the map had misled the public into believing there would be a buffer between the HC-3 property and the numerous neighborhoods adjoining the property. The Zoning Commission’s legal counsel, Terry Hand, advised the commission members that he had researched the matter and believed that the mapping error was a technical change that could be corrected by going through the process of putting it before the Zoning Commission and ultimately the Council. Mr. Hand added further that he had found three prior cases in which the Zoning Commission was presented with similar situations and had corrected the errors before it in each of those cases. Some of the commission members commented that they did not care about precedent, noting that citizens of the Parish had purchased property based on the assumption that there would be a buffer between the neighborhoods and the commercial acreage on Brewster Road. Other commission members indicated that the mapping error was made to the detriment of the people who live in the area of Brewster Road because they did not have the opportunity to have their voices heard. After considering the pleas from the public, and in direct opposition to its own legal counsel’s advice, the Zoning Commission denied a motion to approve the change in zoning for the 10 acres from CB-1 to HC-3. Although constant in his position that the rezoning process instituted by the Parish was erroneous, Mr. Goux appealed the Zoning Commission’s decision to the Council to protect his rights. His appeal was set to be heard in January 2013, but was tabled by the Council upon advice by Mr. Goux that a mandamus action on the matter would be filed.
On February 1, 2013, Mr. Goux, along with Quatreg 2112, LLC, and Girt Industries, LLC (collectively “Goux”), filed a petition for writ of mandamus, requesting that the trial court order the Parish to correct its mapping error so that the Parish zoning map accurately reflects the entire 36.6 acres, including the 10 acres, as being zoned HC-3, pursuant to Ordinance C.S. No. 09-2116. Goux further requested that the trial court direct the Parish to withdraw and dismiss its erroneous rezoning request relative to the 10 Lacres. On February 7, 2013, interveners[7] filed a petition, arguing that mandamus was an extraordinary remedy and that Goux had other remedies available.
The Parish filed an answer to Goux’s petition for writ of mandamus on February 8, 2013, admitting, among other things, that pursuant to Ordinance C.S. No. 09-2116, the'entirety of the 36.6 acres had been zoned HC-3 and that the 10 acres of Mr. Goux’s property had been erroneously identified on the Parish zoning map because “Parish staff erred when performing its ministerial duty of translating the action taken by the Council.” The Parish further admitted that it “instituted a process by which the zoning for the 10 Acres would purportedly be ‘changed’ to HC-3 and as a result the matter was placed on the agenda for the [Zoning Commission].” *719 On February 22, 2013, intervenors filed an answer, generally denying the allegations in Goux’s petition for writ of mandamus. Intervenors also filed exceptions raising the objections of no cause of action and prematurity. Goux responded, filing an exception raising the objection of no right of action against intervenors on March 1, 2013. The Parish answered the petition for intervention on March 7, 2013,
The matter proceeded to hearing before the trial court on March 12, 2013. The trial court first' considered Goux’s exception raising the objection of no right of action as to the petition of intervention and concluded that the intervenors, as owners of nearby property, had a justiciable interest in the matter because of the possibility of a zoning change that could have a negative impact on them. Thus, the exception raising the objection of no right of action urged by Goux was denied. Next, the trial court heard argument on the remaining exceptions and the writ of mandamus. The parties argued their respective positions, entered into various stipulations on the record, and introduced a number of exhibits into evidence. At the conclusion of the hearing, the trial court denied the exception raising the objection of no cause of action filed by intervenors and took the remaining matters under advisement.
|7The trial court issued written reasons for judgment on March 15, 2013, denying intervenors’ exception raising the objection of prematurity and denying Goux’s petition for writ of mandamus. The trial court found that the matter was not appropriate for a writ of mandamus because the action requested by Goux was that the Parish modify the official zoning map “by modifying the present zoning of the ten acres as shown on the map to HC-3 without an ordinance approving this modification,” On March 27, 2013, the trial court signed a judgment in accordance with its findings. It is from this judgment that Goux has appealed, arguing that the trial court erred in denying their petition for writ of mandamus and in overruling their no right of action exception.[8]
RULE TO SHOW CAUSE
After Goux appealed, this court issued a rule to show cause order indicating the March 27, 2013 judgment appeared to lack appropriate decretal language disposing of and/or dismissing Goux’s claims. On October 9, 2013, the trial court signed an amended judgment, which stated, in pertinent part: “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Interve-nors, Aurelia Marek, et al, and against the Plaintiffs, Ronald A. Goux, et al, dismissing with prejudice the Petition for Writ of Mandamus filed by Plaintiffs.” The appellate record was supplemented with the amended judgment. In a December 20, 2013 order signed by this court, the appeal was maintained; however, the final determination as to whether the appeal was to be maintained was referred to this appellate panel for disposition, along with the merits of the appeal.
The March 27, 2013 judgment, as amended by the October 9, 2013 judgment, contains the appropriate decretal language to be a valid final judgment, ie., it names the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted. See Jenkins v. Recovery Technology Investors, 2002-1788, pp. 3-4 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600. Therefore, we declare the existence of a *720 final, appealable judgment, and maintain the appeal. See La.Code Civ. P, art.2088; see also Henkelmann v. Whiskey Island Preserve, LLC, 2011-0304, p. 3 (La.App.1 Cir. 6/1/12), 2012 WL 1965853 (unpublished). We now address the merits of Goux’s appeal.
DISCUSSION
On appeal, Goux maintains that mandamus is appropriate, as there is no element of discretion in the present case. Goux argues, “The time for discretionary action by the Parish has passed; the zoning process is behind Goux.” Noting that the legislative intent for the entirety of Mr. Goux’s property to be zoned HC-3 was passed by the Council, Goux asserts that Mr. Fontenot, as Director of Planning and Permits for the Parish, had no discretion as the Council had spoken through Ordinance C.S. No. 09-2116. Rather, Goux alleges, Mr. Fontenot had a ministerial duty, attached to his office by Section 4-08(A)(3)[9] of the St. Tammany Parish Home Rule Charter, to maintain and update the Parish zoning map in accordance with Ordinance C.S. No. 09-2116, which the Parish admitted zoned the entirety of the 36.6 acres as HC-3.
In response, intervenors argue that mandamus is an extraordinary remedy limited to ministerial acts and does not authorize a court to amend a legislative act. Intervenors direct our attention to Section 2 — 11(A) of the St. Tammany Parish Home Rule Charter, which was relied on by the trial court in its denial of Goux’s petition for writ of mandamus. Interve-nors argue that any change to the Parish zoning map would be a modification of the map requiring an ordinance to be introduced by the Council.[10] Thus, intervenors maintain, the trial court was correct in finding that in order to modify the official map or zoning map, an ordinance must be introduced and there must be an affirmative vote by the Council with the opportunity for a public hearing.
| flMandamus is a summary proceeding, which is defined as a writ that may, among other things, be used to direct a public officer to perform ministerial duties required by law. La.Code Civ. P. arts. 3781, 3861, and 3863 Acadian Ambulance Service, Inc. v. Parish of East Baton Rouge, 97-2119, p. 7 (La.App. 1 Cir. 11/6/98), 722 So.2d 317, 322, writ denied, 98-2995 (La.12/9/98), 729 So.2d 583. Mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La.Code Civ. P. art. 3862. It is an extraordinary remedy, which must be used sparingly and only to compel action that is clearly provided by law. Pelican Educational Foundation, Inc. v. Louisiana State Bd. of Elementary and Secondary Educ., 2011-2067, pp. 5-6 (La.App. 1 Cir. 6/22/12), 97 So.3d 440, 444.
Mandamus will not lie in matters in which discretion and evaluation of evidence must be exercised. The remedy of mandamus is not available to command *721 performance of an act that contains any element of discretion, however slight. Sund v. St. Helena Parish School Bd., 2005-2473, p. 3 (La.App. 1 Cir. 5/5/06), 935 So.2d 219, 221, writ denied, 2006-1392 (La.9/22/06), 937 So.2d 392. Further, mandamus is to be used only when there is a clear and specific legal right to be enforced or a duty that should be performed. It never issues in doubtful cases. City of Hammond v. Parish of Tangipahoa, 2007-0574, p. 11 (La.App. 1 Cir. 3/26/08), 985 So.2d 171, 181. A writ of mandamus may only Issue to compel the performance of a ministerial duty required by law. Gibson & Associates, Inc. v. State, Dept. of Transp. & Development, 2010-1696, p. 20 (La.App.1 Cir, 5/18/11), 68 So.3d 1128, 1140. “Ministerial duties are duties in which no element of discretion is left to the public officer. [It] is a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law. If a public officer is vested with any element of discretion, mandamus will not lie.” Hoag v. State, 2004-0857, p. 7 (La.12/1/04), 889 So.2d 1019, 1024 (citations omitted). The appellate court will grant a writ of mandamus only when there is usurpation of judicial power or clear abuse of discretion. Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans, 2000-1146, p. 3 (La.App. 4 Cir. 10/3/01), 798 So.2d 1167, 1171.
We have thoroughly reviewed the record before us. Of particular interest to this court is the trial court’s interpretation of the four maps[11] that were stipulated to by the parties at the hearing before the trial court on March 12, 2013 in its written reasons for judgment, the trial court made the following findings of fact and conclusions of law:
FINDINGS OF FACT:
The'property (10 acres) at issue is part of a larger 36.6 acre tract owned by the plaintiffs. On December 15, 2008, counsel for plaintiffs issued a request to have the entire 36.6 acres re-zoned to HC-3 Highway Commercial District rather than the initially proposed A-3 Suburban District. On January 13, 2009. Goux’s counsel appeared before the Special Zoning Commission for the parish to request the re-zoning of the 36.6 acres to the HC-3 zoning classification. At this meeting, the zoning commission approved this recommendation, and it was placed on the agenda for the parish council’s consideration at its February meeting but was tabled.
The ordinance (“Ordinance No. 4029[”]) was originally introduced to the council on March 5, 2009, It was brought before the [council] at subsequent meetings, with many amendments being made to it. Four maps were introduced during these meetings and there is no reference on these maps that zone the 10 acres as HC-3. At the September 3, 2009 council meeting, Ordinance No. 4029 As Amended (Ordinance No. 4029AA), was officially adopted by the St. Tammany Parish Council. (Exhibit 5). The ordinance included the zoning map recommended by the zoning commission on February 10, 2009, as amended, said map being attached to the ordinance. This map shows the 10 acres in question as zoned CB-1.
In late 20f2, Goux discovered that the westernmost 10 acres of the 36.6 acres was identified on the Parish zoning map as zoned CB-1 rather than HC-3. Counsel for plaintiffs made the Director of Planning and Permits for St. Tammany *722 Parish aware of the alleged mapping error and requested that the map be changed to indicate the 10 acres was zoned as HC-3. It appears that counsel for plaintiffs and the parish were of the opinion that the entirety of the 36.6 acres was zoned HC-3, however the official map did not delineate this. The Parish brought the matter before the parish’s zoning commission in December of 2012. The zoning commission denied plaintiffs’ zoning change request.
Plaintiffs appealed the zoning commission’s denial of the zoning change request to the parish council, which appeal was set to be heard in January 2013, The matter was tabled at the hearing, and this “Petition for a Writ of Mandamus” was filed in this Court by plaintiffs on February 1, 2013.
11T CONCLUSIONS OF LAW;
[[Image here]]
The official zoning map, which is presently in effect, was approved by the St. Tammany Parish Council and made a part of Ordinance 4029, As Amended on September 3, 2009.
[[Image here]]
The Court notes that the 10 acres in dispute were not designated HC-3 on the zoning map recommended to the council by the zoning commission dated February 10, 2009 or on any subsequent map introduced at the council hearings which the parties had opportunities to review. The zoning map dated September 3, 2009 became the “official map” when it was attached to the ordinance approved on that date by the St. Tammany Parish Council, As all parties agree, this map did not zone the ten acres at issue as HC-3.
Plaintiffs are requesting in this action that the parish modify the official map by modifying the present zoning of the ten acres as shown on the map to HC-3 without an ordinance approving this modification. They point to Section 4-08(A)(3) of the Home Rule Charter which provides that the Director of Planning and Permits shall be responsible for “maintaining and updating the St. Tammany Parish Land Use Map” to provide authority for their position. However, the Court finds that any change to the zoning map that is attached to Ordinance 4049, As Amended, would be considered a modification of the map and therefore would be governed by the clear provisions of section 2-11 of the Home Rule Charter. Pursuant to the provisions of the Home Rule Charter, in order to modify the official map or a zoning map, an ordinance must be introduced and there must be an affirmative vote by the St. Tammany Parish Council with the opportunity for a public hearing.
Therefore, the Court finds based on the above reasoning, that this matter is not appropriate for a writ of mandamus, as the requested action by the plaintiffs is not a ministerial act but must be authorized by the members of the parish council through an ordinance pursuant to section 2-11 of the Home Rule Charter, Accordingly, the “Petition for Writ of Mandamus” is denied. [Emphasis in original.]
The trial court found that any change to the Parish zoning map would be considered a modification, requiring the introduction of an ordinance and an affirmative vote by the Council. While we agree that any zoning change would, in fact, require such action by the Council pursuant to Section 2-11 of the St. Tammany Parish Home Rule Charter, this is not such a case. Rather, in the instant case, the Parish admitted in its answer to Goux’s petition for writ of mandamus that pursuant to *723 Ordinance C.S. No. 09-2116, the 36.6 acres in its entirety was zoned HC-3 by the Council and that “Parish staff erred when performing its ministerial duty of translating the action taken by the Council, pursuant to the Ordinance, to the Parish zoning map.” Goux maintains [12on appeal that unless the definitive boundary lines of Mr. Goux’s property were known with absolute certainty, anyone viewing the September 3, 2009 Parish zoning map “could only reasonably conclude the entire 36.6 [a]cres was zoned HG-3, consistent with the duly passed Ordinance.” We agree.
The trial court notes that the 10 acres in dispute was not designated with HC-3 zoning on any of the Parish zoning maps introduced at the Council hearings. While we agree a cursory review of the maps may cause one to indiscriminately conclude that the 10 acres was never zoned HC-3, a complete review of the record reveals otherwise. As previously discussed, the mapping error by the Parish began with the February 10, 2009 map and was, apparently, perpetuated over the years, varying only slightly in that the erroneous designation of the 10 acres changed from PF-3 zoning to CB-1 zoning.
The Parish admitted in pleadings that “the failure to accurately plot the western boundary of the 36.6 [a]cres, thereby excluding the 10 [a]cres, was an inadvertent error” on the part of 'Parish staff. The Parish further conceded that in connection with the Zoning Commission’s comprehensive rezoning plan, it was recommended to the Council that Mr. Goux’s 36.6 acres be rezoned HC-3, subject to a portion of the 36.6 acres measuring 76' in depth from South to North running the entire length of the property, parallel to Brewster Road, from East to West, being zoned A-3, It follows then that the February 10, 2009 map (Appendix A) reflects what the parties believe to be a true representation of the zoning of Mr. Goux’s property as per the Zoning Commission’s recommendation as of that time. At first glance* the February 10, 2009 map appears to show that as per the Zoning Commission’s recommendation, only the bottom portion of Mr. Goux’s property, running the entire length of the property, was designated with A-3 zoning, while the majority of the acreage was designated with HC-3 zoning. However, upon closer examination, it is clear that the mapping error that is the focus of this appeal began on this February 10, 2009 map, as Mr. Goux’s property line to the west extends past the shaded area for the HC-3 zoning and into the shaded area that is zoned PF-3.
11sLikewise, when the Council amended Ordinance Calendar No. 4029 on June 4, 2009, and rezoned the 75' strip of Mr. Goux’s property that had previously been zoned A-3 to HC-3, the June 4, 2009 map (Appendix B) was prepared to reflect this change. This map clearly shows that the portion of Mr. Goux’s property, which had been designated with A-3 zoning, was rezoned as HC-3, Again, at first glance, the June 4, 2009 map designates HC-3 zoning for what appears to be the entirety of Mr. Goux’s property. However, the same incorrect PF-3 zoning for the 10 acres that appeared on the February 10, 2009 map (Appendix A) is again reflected on the June 4, 2009 map.
Subsequently, Ordinance Calendar No. 4029, as amended, appeared on the Council’s agenda on September 3, 2009, and was adopted by the Council as Ordinance C.S. No. 09-2116. The Parish admitted that pursuant to Ordinance C.S. No. 09-2116, the entirety of Mr. Goux’s 36.6 acres of property was duly zoned HC-3. Although the September 3, 2009 map (Appendix C) appears to designate HC-3 zoning for an area consistent with the shape of the entire 36.6 acres of property owned by Mr. *724 Goux, once again, we note that the 10 acres fail outside the shaded area for HC-3 zoning and, instead, is designated with CB-1 zoning. Moreover, the pertinent portions of the March 12, 2013 map (Appendix D), which is the Parish’s current zoning map, appear identical to the September 3, 2009 map.
As argued by Goux on appeal, the correction to the Parish zoning map sought in this case “is a simple, definite fix of an undisputed ministerial error in mapping.” A writ of mandamus was appropriate in the instant case, as the requested action by Goux was simply a ministerial duty that Mr. Fontenot was required to perform pursuant to his duties as Director of Planning and Permits for the Parish. Mr. Fontenot had no discretion in performing this “simple, definite, duty,” which arose “under conditions admitted or proved to exist, and imposed by law” Hoag, 2004-0857 at 7, 889 So.2d at 1024. The trial court abused its discretion in denying Goux’s petition for writ of mandamus. Thus, we reverse that portion of the October 9, 2013 judgment that dismissed, with prejudice, Goux’s petition for writ of mandamus. We further order that a writ of mandamus issue ordering the Parish to withdraw the rezoning process | ^previously commenced on the 10 acres and to correct the mapping error on the Parish zoning map to reflect the entirety of Mr. Goux’s 36-6 acres, including the 10 acres, as being zoned HC-3 pursuant to Ordinance C.S. No. 09-2116.
DECREE
For the above and foregoing reasons, we reverse the trial court’s dismissal of Goux’s petition for writ of mandamus. It is further ordered that writ of mandamus issue, ordering that the Parish, within 30 days of the finality of this judgment, withdraw the rezoning process previously commenced on the 10 acres and correct the ministerial mapping error to reflect that the entirety of Mr. Goux’s 36.6 acres, including the 10 acres, is zoned HC-3, pursuant to Ordinance C.S. No. 09-2116. All costs associated with this appeal are assessed against intervenors.
APPEAL MAINTAINED; JUDGMENT REVERSED IN PART; MANDAMUS ISSUED.
WHIPPLE, C.J., dissents. Mandamus is an extra ordinary remedy & is only appropriate where the act to be compelled is purely ministerial & involves no discretion. Moreover, there is another remedy available to plaintiff.
McCLENDON, J, dissents with reasons.
| Appendix A
South West Study Area Zoning Commission Recommendations February 10, 2009
*725 [[Image here]]
*726 | wAppendix B
South West Study Area Recommendations as amended by Council June 4, 2009
[[Image here]]

*727
\vjAppendix C

South West Study Area Zoning Map as adopted by Council September 3, 2009
[[Image here]]
*728 [[Image here]]

. We note that Mr. Goux's property actually encompasses 36.641 acres as is indicated on the survey map and on all of the Parish maps introduced into the record. Nonetheless, for ease of reference, we refer to the property as "the 36.6 acres” throughout this opinion.

. The parties stipulated that Exhibit 8, which was introduced as evidence before the trial court, was the map that went along with the recommendation from the Zoning Commission to the Council on February 10, 2009. We have copied the pertinent portion of said map entitled "South West Study Area Zoning Commission Recommendations February 10, 2009” and attach same to this opinion as "Appendix A.”

.The parties stipulated that Exhibit 9, which was introduced as evidence before the trial court, was the map that went along with the proposed amendments by the Council to Ordinance Calendar No. 4029 on June 4, 2009. We have copied the pertinent portion of said map entitled "South West Study Area Recommendations as amended by Council June 4, 2009” and attach same to this opinion as "Appendix B.”

. The parties stipulated that Exhibit 10, which was introduced as evidence before the trial court, was the map that went along with the ordinance that was passed by the Council on September 3, 2009. We have copied the pertinent portion of said map entitled "South West Study Area Zoning Map as adopted by Council September 3, 2009” and attach same to this opinion as "Appendix C.”

. We note that in the petition for writ of mandamus, the allegation is that the Parish erroneously identified the 10 acres as being zoned PF-1 on the Parish zoning map. We can find no map in the record with the PF-1 designation. On the September 3, 2009 map, there is HC-3 zoning designated for an area consistent with the shape of the entire 36.6 acres of Mr. Goux’s property. However, we note that the 10 acres in question fall outside the shaded area for HC-3 zoning and, instead, is designated with CB-1 zoning. The only other map introduced into evidence below was Exhibit 11, which the parties stipulated was the current zoning map for the Parish as it appeared on March 12, 2013. Again, on this March 12, 2013 map, the 10 acres is identified as being zoned CB-1. The pertinent portion of said map entitled "South West Study Area Current Zoning Map March 12, 2013” is attached hereto as “Appendix D.” Nonetheless, regardless of the nature of the mapping error, we note the Parish has admitted to same in its answer to the petition for writ of mandamus.

.Mr. Goux maintains below, and on appeal, that he never initiated a rezoning process, nor did he concur that the process chosen by the Parish was the appropriate process to correct the mapping error. Mr. Goux remains steadfast in his belief that since the June 4, 2009 Council meeting, the property was already zoned HC-3 and, therefore, did not need to be rezoned. Rather, Mr. Goux argues, this was simply a mapping error that could easily be corrected.

. Intervenors include several named individuals and a Louisiana non-profit corporation, all of whom own residential land nearby Mr. Goux’s 36.6 acres.

. Because we find that Goux was entitled to the relief prayed for in the petition for writ of mandamus, the issue of whether intervenors had a right of action in Goux’s mandamus action is moot, and we pretermit consideration of same.

. Pursuant to Section 4-08(A)(3) of the St. Tammany Parish Home Rule Charter, Mr. Fontenot’s duty was as follows: "The director of the department of planning and permits shall direct and be responsible for: ... [mjaintaining and updating the St. Tammany Parish Land Use Map.”

. Section 2-11(A) of the St. Tammany Parish Home Rule Charter provides, in pertinent part, as follows: "An act of the council having the force of law shall be by ordinance. An act requiring an, ordinance shall include but not be limited to those which: ... (13) Adopt or modify the official map.... (16) Adopt or modify the zoning plan, maps and regulations.”

. As we have previously indicated copies of pertinent portions of all four maps have been attached to this opinion.