PENZATO, J.
Appellant, Chester Onezime, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), housed at Louisiana State Penitentiary located in Angola, Louisiana, appeals a judgment of the district court that dismissed his petition for judicial review with prejudice. Based on our review of the record, we affirm the district court's judgment.
FACTS AND PROCEDURAL HISTORY
Mr. Onezime filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) seeking review of a lost property claim No. LSP-2012-1246 in accordance with the Louisiana Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171 et seq. Mr. Onezime disputes DPSC's final agency decision denying his request for property loss. Mr. Onezime is in the custody of DPSC and on January 13, 2012, was found in possession of a cellphone, which is considered *2 contraband. For this rule violation, Mr. Onezime, who was housed in the main prison, was sentenced to the Camp J Management Program. On January 13, 2012, Mr. Onezime's personal property was packed into two boxes and with tamper proof seals numbered 57082 and 57083. On this same date, he was moved from the main prison to an administrative segregation area until he was transferred to Camp J on January 26, 2012. Mr. Onezime signed an acknowledgment that the two boxes with tamper proof seals numbered 57082 and 57083 were intact at this time.[1] Camp J did not permit Mr. Onezime to keep all the personal property that was contained in the two boxes, so the items he was not allowed to have at Camp J were placed in two green army bags with tamper proof seals numbered 68883 and 68890. Mr. Onezime claims that when the bags were returned to him on April 24, 2012, numerous items of personal property were missing, namely, clothing, a radio, and headphones, and he filed this ARP, which was originally denied by the warden.
The warden's decision notes that besides the fact that Mr. Onezime acknowledged on January 26, 2012, that the tamper proof seals numbered 57082 and 57083 on the two boxes were intact at the time of delivery, there was no indication that Mr. Onezime complained of missing property at the time of delivery. Furthermore, the investigation revealed that once at Camp J, Mr. Onezime was given his property contained in the two boxes, except for items he was not allowed to have at Camp J, which were placed in two green bags.
Mr. Onezime appealed to the Secretary of DPSC, who denied the claim for failing to prove that a loss occurred. He then filed a petition for judicial review in the district court seeking to be compensated for his lost property. The 19th JDC Commissioner[2] (Commissioner) issued a recommendation that the final administrative decision be affirmed. The Commissioner reasoned that there was no evidence in the record to substantiate a loss, so Mr. Onezime failed to meet his burden of proof. The district court adopted the recommendation of the Commissioner after considering the administrative record, the Commissioner's Report, and the traversal filed by Mr. Onezime. It is from this judgment dated October 24, 2016, that Mr. Onezime appeals.
DISCUSSION
Louisiana Revised Statute 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the DPSC's administrative decisions. Judicial review is mandated to be conducted by the district court without a jury and must be confined to the record. La. R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in *3 excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by an abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9) ; Lightfoot v. Stalder , 2000-1120 (La. App. 1 Cir. 6/22/01), 808 So.2d 710, 715-716, writ denied , 2001-2295 (La. 8/30/02), 823 So.2d 957.
On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder , 99-1747 (La. App. 1 Cir. 9/22/00), 770 So.2d 447, 450-51.
In his brief, Mr. Onezime asserts that he was not present on January 13, 2012, when his property was initially packed into two boxes by Major M. Laborde and Captain Leon Jenkins. He also claims that when he was moved to Camp J, it was the responsibility of the security officers to inventory his personal property. Mr. Onezime complains that he had to sign the acknowledgment form before he was given his personal property.
Louisiana State Penitentiary Directive No. 09.042 (directive), effective April 26, 2011, governed the institution's policy of offender property storage at the time in question. Section F of the directive states that "when the offender will not be allowed to retain all or part of his property at his new location, his property will be stored." Section F(1)(a) sets forth that if the offender is unavailable, the security staff will pack the belongings, but "[t]he security staff is not responsible for locating the offender's property which he may have left with other offenders or which is not located in the offender's immediate bed area."
The evidence in the record is that the security staff followed Section F of directive No. 09.042, which required tamper proof seals on an offender's personal property. On January 13, 2012, Captain Jenkins and Major Laborde signed Form B that Mr. Onezime's personal property was placed in two boxes with tamper proof seals numbered 57082 and 57083. Sergeant Joshua Francois made a statement in connection with the lost property claim, and stated that on January 26, 2012,[3] all of the property that Mr. Onezime was not allowed to have at Camp J was placed in two green army bags and tamper proof seals numbered 68883 and 68890 were placed on the bags. Mr. Onezime admitted in his original complaint to the warden that a security officer explained to him what he could and could not have at Camp J. On January 26, 2012, Mr. Onezime acknowledged receipt of his personal property with tamper proof seals numbered 57082 and 57083 and that the tamper proof seals were intact. He also signed a form acknowledging that the two green bags numbered 68883 and 68890 were sealed in front of him and that all his property was placed in them.
Sergeant Justin Butler obtained the two green bags for Mr. Onezime on April 24, 2012, verified the seal numbers, and broke the intact seals and opened them in Mr. Onezime's presence. Mr. Onezime signed an acknowledgment that the tamper proof seals of the two green bags numbered 68883 and 68890 were intact at the time the property was returned to him. He also admitted that the two green bags had the same identification numbers as on Form B, the personal property storage document. It was only on April 24, 2012, that Mr. *4 Onezime claimed he had missing property, not when it was stored in front of him on January 26, 2012.
Mr. Onezime claims that as required by directive Section F(2)(a) a property inventory form, Form A, should have been used by the security staff and was not. The Commissioner noted that Mr. Onezime did not object to the form used when his property was separated and placed into bundles on January 26, 2012. Instead, Mr. Onezime acknowledged that all of this property was stored and sealed. He made no claim of missing property until he opened the two green bags on April 24, 2012, which he agreed were still sealed.
Pursuant to CARP, the review of a district court is to be conducted "without a jury and shall be confined to the record." La. R.S. 15:1177(A)(5). A party who desires oral argument must make a timely request and include the reasons oral argument should be had. It is the district court's discretion to hear oral argument. La. R.S. 15:1177(A)(6)(a). Mr. Onezime was given the opportunity for oral argument.
Based upon our review of the administrative record and pursuant to La. R.S. 15:1177(A)(9), we conclude that DPSC's decision finding there was no evidence to substantiate the loss was neither arbitrary, capricious, manifestly erroneous, or in violation of any of Mr. Onezime's constitutional or statutory rights. A reviewing court's function is not to weigh de novo the available evidence and to substitute its judgment for that of the agency. Save Ourselves, Inc. v. Louisiana Environmental Control Comm'n. , 452 So.2d 1152, 1159 (La. 1984). The evidence in the record supports a reasonable finding that Mr. Onezime received all of his property.
Mr. Onezime requested to be compensated for his lost property. Given the fact that we agree that he did not carry his burden of proof as to his lost property claim, Mr. Onezime is not entitled to any compensation.
CONCLUSION
Based on the foregoing, the October 24, 2016 judgment of the district court, which dismissed the suit with prejudice is affirmed. Costs of this appeal are assessed against plaintiff, Chester Onezime.
AFFIRMED.

Several times in the record the date "1/26/11" is on the documentation. However, since the property was originally placed in storage on January 13, 2012, we must assume that the "1/26/11" is simply a mistake and was meant to be January 26, 2012.

The office of commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5) ; see Martinez v. Tanner , 2011-0692 (La. App. 1 Cir. 11/9/11), 79 So.3d 1082, 1084 n.3, writ denied , 2011-2732 (La. 7/27/12), 93 So.3d 597.

Again the date is listed as "1/26/11" when it must have been January 26, 2012.