NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1444

LOGAN MILLS #532042

VERSUS

ROBERT TANNER, WARDEN BILLY ANDERSON,
LT. COLONEL DARRYL MIZELL, AND CAPTAIN JOSHUA MILEY

Decision Rendered: **JUL 2 4 2020**

* * * * * * *

APPEALED FROM THE
19th JUDICIAL DISTRICT COURT,
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER 673,022

HONORABLE TIMOTHY KELLEY, JUDGE

* * * * * * *

Logan Mills
Angie, Louisiana

Plaintiff/Appellant
Pro Se

Debra Rutledge
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDONALD, J.**

On review of an inmate's petition for judicial review under the Louisiana Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1177, *et seq.*, the district court signed a judgment ordering the Louisiana Department of Public Safety and Corrections (DPSC) to return a wristwatch to the inmate. After the DPSC instead shipped the watch to the inmate's father, the inmate appealed the judgment. We remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2018, Logan Mills, an inmate housed at Rayborn Correctional Center (RCC), in Angie, Louisiana, loaned his watch to Darrel Jones, a fellow inmate, to prepare for a boxing match in the prison gym later that day. After the boxing match, RCC officials confiscated the watch from Mr. Jones. Following many unsuccessful attempts to get his watch back, Mr. Mills filed an administrative remedy procedure (ARP) seeking return of his watch. RCC officials assigned the ARP Number RCC-2018-461 and rejected it as a disciplinary matter not appealable through the administrative remedy process.

In August 2018, Mr. Mills filed the instant pro se petition for judicial review in the 19th Judicial District Court seeking review of RCC's rejection of his ARP.[1] A 19th JDC Commissioner disagreed with RCC that Mr. Mills' ARP involved a disciplinary matter and remanded the ARP to RCC to address it on the merits. RCC and DPSC then denied Mr. Mills' ARP at the first and second steps. In due course, DPSC answered Mr. Mill's petition, requesting that the district court dismiss it, because Mr. Mills had not proven that he owned the watch. The Commissioner determined Mr. Mills had provided RCC officials with sufficient proof of ownership by giving them copies of the purchase receipt; a vendor repair estimate to repair the watch; a vendor repair-completion report showing the repaired watch was sent to Mr. Mills at Louisiana State Penitentiary, his former address; and a Louisiana State Penitentiary inventory sheet showing the

---

[1] Mr. Mills named multiple RCC officials as defendants in his petition for judicial review. However, the only proper defendant in a petition for judicial review under CARP is DPSC. *See* La. R.S. 15:1177(A)(1)(b).

2

repaired watch was given to Mr. Mills before he was transferred to RCC. The Commissioner recommended that DPSC's decision be reversed and the watch be returned to Mr. Mills. DPSC did not traverse the Commissioner's recommendation. *See* La. R.S. 13:713C. On July 31, 2019, the district court adopted the Commissioner's recommendation and signed a judgment reversing DPSC's decision of ARP RCC-2018-461 and ordering that the watch be returned to Mr. Mills.

Instead of returning the watch, RCC officials told Mr. Mills he had to "send it home." Although Mr. Mills protested, RCC officials required that he provide a mailing address to where they would mail the watch. RCC officials shipped the watch to Mr. Mills' father at an address in Covington, Louisiana. By letter dated August 13, 2019, Warden Robert Tanner explained to Mr. Mills why he was not allowed to keep the watch:

> [T]he Court ruled that the watch in question belongs to you and I concede that. However, you did not get the watch in question into this prison through proper channels. It was not on your inventory when you arrived at this facility on August 28, 2017. You did not receive it through the mail nor did you purchase it through the Canteen. Perhaps a visitor gave it to you during a visit. I don't know. But I do know that you did not come to possess the watch at this facility through proper channels.

> The other issue is that when we found the watch, it was in the possession of another offender. Both you and the other offender were written up for this. Offenders are not permitted "to borrow, lend, trade, or barter their goods," per DOPPs #028, Item #III., A. Also, USOPPs #28, Item #12. C., stipulates that offenders are not permitted "to give, borrow, lend, trade, or barter personal belongings."

> Because the watch was not received through proper channels and you gave/loaned your watch to another offender, I instructed Lt. Col. Mizell to give you the opportunity to send the watch, which the Court declared belongs to you, home. You succeeded in your legal challenge that the watch belongs to you. Thus[,] you were given the opportunity to send it home. Otherwise, you would not have been allowed to retain the watch and it would have been properly disposed of.

> You or your family can purchase another watch through Union Supply.

Mr. Mills then filed a "Motion for Compliance/Writ of Mandamus" in the district court asking the court to order RCC to allow his father to send him the watch or have his father buy a similar watch and have it shipped to Mr. Mills at RCC. On August 26, 2019, the district court signed an order denying Mr. Mills motion/writ and stating that

3

Mr. Mills' relief was via an "APPEAL of the FINAL JUDGMENT in this matter." Complying, Mr. Mills then appealed the July 31, 2019 judgment.

DPSC did not appeal the July 31, 2019 judgment nor answer Mr. Mills' appeal. However, on September 18, 2019, the same day that Mr. Mills filed his appeal, DPSC filed a "NOTICE OF COMPLIANCE" into the record acknowledging the district court's order that RCC officials return the watch to Mr. Mills; explaining that RCC officials instead gave Mr. Mills the opportunity to send the watch home "since the watch was not received through proper channels and it was given or loaned to another offender in violation of posted Policy 28[;]" and, stating that the watch was mailed to the Covington address Mr. Mills had provided and was delivered there on or about July 11, 2019.

In a single assignment of error, Mr. Mills contends the district court erred by failing to enforce its order requiring that RCC officials return his watch to him. DPSC did not file an appellate brief.

## DISCUSSION

After obtaining DPSC's adverse decision regarding his ARP, Mr. Mills properly filed a petition for judicial review in the 19th JDC under La. R.S. 15:1177A(1)(a). *See Vincent v. State, DPSC,* 02-2444 (La. App. 1 Cir. 6/6/03), 858 So.2d 494, 497; *see also Ball v. La. DPSC,* 15-0544 (La. App. 1 Cir. 11/6/15), 2015 WL 6842609 *1. In the context of a CARP matter, the district court functions as an appellate court when it reviews the DPSC's final decision. *See* La. R.S. 15:1177A; *Brown v. La. DPSC,* 15-1958 (La. App. 1 Cir. 9/19/16), 277 So.3d 326, 329. The district court's review is confined to the record. La. R.S. 15:1177A(5). The district court may affirm the DPSC's decision, remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177A(8). The court may also reverse or modify the decision but only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: in violation of constitutional or statutory rights; in excess of the agency's statutory authority; made upon unlawful procedure; affected by other error of law; or arbitrary and capricious or characterized

4

by abuse of discretion or clearly unwarranted exercise of discretion; or manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *See* La. R.S. 15:1177A(9).

Once the district court renders a final judgment, an aggrieved party may appeal that judgment to this court, the appropriate court of appeal. La. R.S. 15:1177A(10). On review of the district court's judgment, this court owes no deference to the district court's factual findings or legal conclusions, just as the Louisiana Supreme Court owes no deference to an appellate court's factual findings or legal conclusions. *Onezime v. La. DPSC,* 17-0214 (La. App. 1 Cir. 11/1/17), 243 So.3d 1, 3.

In this case, after a *de novo* review of the record, we conclude Mr. Mills presented sufficient evidence to prove his ownership of the watch, and the district court properly ordered DPSC to return it to him in the July 31, 2019 judgment. However, we also conclude that the district court legally erred in refusing to consider Mr. Mills' "Motion for Compliance/Writ of Mandamus" and in directing him to instead file an appeal from the July 31, 2019 judgment. That judgment was in Mr. Mills' favor. Neither an affirmance nor a reversal of that judgment on the merits will address the relief Mr. Mills seeks, *i.e.,* return of the watch to him, not to his father. As explained below, the district court, sitting in its appellate capacity, has the power to address Mr. Mills' writ of mandamus.

A mandamus may be used to direct a public officer to perform ministerial duties required by law, in cases where the law provides no relief by ordinary means, or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. arts. 3781, 3861-64. Mandamus is an extraordinary remedy, which must be used sparingly and only when there is a clear and specific legal right to be enforced or a duty that should be performed. *Goux v. St. Tammany Par. Gov't.,* 13-1387 (La. App. 1 Cir. 10/24/14), 156 So.3d 714, 721. In some cases, mandamus may be used to require administrative action that is unlawfully withheld. *See, e.g., generally,* 5 Am. Law of Zoning, §43:1. *Mandamus to require administrative action* (5th ed. April 2020 update). Further, a court sitting in an appellate capacity may grant a writ of mandamus in rare

5

cases where there has been a usurpation of judicial power or a clear abuse of discretion. *Goux*, 156 So.3d at 721; *Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans*, 00-1146 (La. App. 4 Cir. 10/3/01), 798 So.2d 1167, 1171.

Accordingly, we will remand this matter to the district court to consider the merits of Mr. Mills' "Motion for Compliance/Writ of Mandamus" and to determine whether DPSC's failure to comply with the July 31, 2019 judgment was a usurpation of judicial power or a clear abuse of discretion, as to warrant the issuance of a writ of mandamus against it. *See Goux*, 156 So.3d at 721; *Wallace C. Drennan, Inc.*, 798 So.2d at 1171. As part of its inquiry, the district court shall consider whether Warden Tanner's August 13, 2019 letter to Mr. Mills and/or DPSC's September 18, 2019 "NOTICE OF COMPLIANCE" constitute adequate justification for DPSC's failure to abide by the July 31, 2019 judgment. *Accord Anderson v. La. DPSC,* 17-0987 (La. App. 1 Cir. 2/7/18), 242 So.3d 614, 619 (remanding a CARP petition for judicial review for the district court's consideration of the merits and of the basis for DPSC's claimed authority to withhold funds at issue).

## CONCLUSION

For the above reasons, this matter is remanded to the district court for further proceedings consistent with this opinion. We assess costs of this appeal in the amount of $966 to the Louisiana Department of Public Safety and Corrections.

**REMANDED WITH INSTRUCTIONS.**

6